**FRANKLIN FIRE INS. CO. OF PHILA-DELPHIA, PA., v. HANNEY et al.**

**No. 10938.**

Circuit Court of Appeals, Ninth Circuit.

May 1, 1945.

Lane Summers, Matthew Stafford, and Hayden, Merritt, Summers & Stafford, all of Seattle, Wash., for appellant.

C. E. H. Maloy, of Seattle, Wash., for appellee.

Before GARRECHT, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

This suit involves the interpretation of a "Builders' Risk" policy (Form 50—amended) pertaining to a halibut boat. On a former appeal we held the policy ambiguous in respect of the coverage afforded by it and reversed a judgment dismissing the complaint. Hanney v. Franklin Fire Insurance Co., 9 Cir., 142 F.2d 864.

After remand the defendant, appellant here, made a request for admissions under Rule 36, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c in response to which the plaintiffs admitted that a certain instrument attached to the request was a true copy of the agreement made between plaintiffs and a third party for the construction of the boat. In their response plaintiffs stated that full performance of that agreement did not require that any of the property lost by fire be acquired for or used in the construction of the boat. Defendant then amended its answer and moved for summary judgment under the provisions of Rule 56. The motion was denied; and upon the trial which ensued there was a verdict and judgment in favor of the plaintiffs.

Appellant does not attack this judgment. It contends merely that its motion for summary judgment should have been granted in the then state of the pleadings and admissions on file. It claims that the policy, interpreted in the light of the contract for the construction of the boat and of the admission that none of the material destroyed was to be used in her construction, denuded the case of any genuine issue as to a material fact. Stated another way,

the claim is that the intent appeared indisputably to be that nothing was to be insured other than the hull itself and the materials destined for its construction.

We do not agree. The construction contract was not a part of the policy. Arguably, it was of evidentiary value in interpreting the policy, and as a matter of fact it was offered and received in evidence for that purpose in the course of the ensuing trial. But the insurance coverage was granted in terms so broad as to indemnify against loss of any material belonging to and destined for the boat, whether for her building or for her outfitting. At least the policy in suit was fairly open to that construction; and under the law of the case it was the duty of the court to afford the parties opportunity to make a full disclosure of the facts and circumstances bearing upon the question of mutual intent.

Affirmed.