## REEVES *v.* BEARDALL, EXECUTOR.

No. 841. Submitted April 8, 1942.—Decided May 11, 1942.

*Mr. Daniel Burke* submitted for petitioner.

*Messrs. Charles R. Scott* and *C. P. Dickinson* submitted for respondent.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

The sole question presented by this case is whether the Circuit Court of Appeals committed error in dismissing

the appeal from the District Court on the ground that the judgment in question was "not final."

The jurisdiction of the District Court was invoked on the basis of diversity of citizenship. The complaint contained three counts. Count I contained a claim on a promissory note executed by respondent's decedent. Count II contained a claim on an alleged contract between petitioner and respondent's decedent, whereby the latter agreed not to change her will, in consideration of petitioner's return of certain securities and petitioner's agreement not to press for payment of the note. Specific performance, or, in the alternative, damages equal to the net value of the estate, was sought. Count III contained a claim against one Hamer, who was alleged to hold certain assets of decedent to which petitioner was entitled by reason of the contract on which Count II was based. The prayer was for an accounting against Hamer. Respondent moved to dismiss Counts II and III. The motion was granted, with permission to the petitioner to amend. Counts II and III were amended in respects not material here. Respondent then moved to dismiss Count II. Petitioner having announced that she did not desire to amend, the court granted the motion and ordered that "final judgment" be entered on Count II in favor of respondent. An appeal to the Circuit Court of Appeals was dismissed without opinion, on the ground that it "was taken from a judgment that is not final." We granted the petition for certiorari because of an apparent conflict between that decision and such cases from other circuits as *Collins* v. *Metro-Goldwyn Pictures Corp.*, 106 F. 2d 83.

In this type of case the Circuit Court of Appeals has appellate jurisdiction to review by appeal only "final decisions." Judicial Code § 128, 28 U. S. C. § 225. The Rules of Civil Procedure provide: "When more than one claim for relief is presented in an action, the court at any

stage, upon a determination of the issues material to a particular claim and all counterclaims arising out of the transaction or occurrence which is the subject matter of the claim, may enter a judgment disposing of such claim. The judgment shall terminate the action with respect to the claim so disposed of and the action shall proceed as to the remaining claims. In case a separate judgment is so entered, the court by order may stay its enforcement until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered." Rule 54 (b). That rule, the joinder provisions (see Rules 13, 14, 18, 20), and the provision of Rule 42 which permits the court to order a separate trial of any separate claim or issue, indicate a "definite policy" (*Collins* v. *Metro-Goldwyn Pictures Corp., supra,* p. 85) to permit the entry of separate judgments where the claims are "entirely distinct." 3 Moore, Federal Practice, Cum. Supp. 1941, p. 96. Such a separate judgment will frequently be a final judgment and appealable, though no disposition has been made of the other claims in the action. *Bowles* v. *Commercial Casualty Ins. Co.,* 107 F. 2d 169, 170. That result promotes the policy of the Rules in expediting appeals from judgments which "terminate the action with respect to the claim so disposed of," though the trial court has not finished with the rest of the litigation. See Federal Rules of Civil Procedure, Proceedings of Institutes, Washington & New York (1938), p. 329.

The Rules make it clear that it is "differing occurrences or transactions, which form the basis of separate units of judicial action." *Atwater* v. *North American Coal Corp.,* 111 F. 2d 125, 126. And see Moore, *op. cit.,* 92–101; 49 Yale L. Journ. 1476. If a judgment has been entered which terminates the action with respect to such a claim, it is final for purposes of appeal under § 128 of the Judicial

Code.  The judgment here in question meets that test. The claim against respondent on the promissory note was unrelated to the claim on the contract not to change the will.  Those two claims arose out of wholly separate and distinct transactions or engagements.  And the question as to Hamer's liability to account to petitioner would arise only in the event that the claim on the contract not to change the will was sustained.  Hence no question is presented here as respects the appealability of a judgment dismissing a complaint as to one of several defendants alleged to be jointly liable on the same claim.  See *Hunteman* v. *New Orleans Public Service, Inc.,* 119 F. 2d 465. After the entry of the judgment on Count II, the claim based on the contract not to change the will was terminated and could not be affected by any action which the Court might take as respects the remaining claims.  Nothing remained to be done except appeal.

The judgment therefore was final.

*Reversed.*