## HANNEY et al. v. FRANKLIN FIRE INS. CO. OF PHILADELPHIA.

No. 10647.

Circuit Court of Appeals, Ninth Circuit.

May 24, 1944.

C. E. H. Maloy, of Seattle, Wash., for appellants.

Lane Summers, Matthew Stafford, and Hayden, Merritt, Summers & Bucey, all of Seattle, Wash., for appellee.

Before STEPHENS and HEALY, Circuit Judges, and FEE, District Judge.

HEALY, Circuit Judge.

Appellants sued in the district court to recover for a loss upon a policy of insurance issued by appellee. Their amended

complaint contained two counts the first of which attempted to state a claim on the policy as written. The second sought reformation. The court granted appellee's motion to dismiss the first count on the ground of its failure to state a claim upon which relief can be granted. A judgment of dismissal directed to this count was then entered, and the appeal is from this judgment. Following the entry of the judgment and prior to appealing from it appellants voluntarily moved for and obtained the dismissal of their second count, with prejudice.

 Appellee has moved to dismiss the appeal on the ground that the judgment appealed from was not final, citing in support of the motion the text of Rule 54(b) of the Rules of Civil Procedure, 28 U.S. C.A. following section 723c. The motion is without merit and is denied. The two counts, while growing out of the same subject matter, involved distinct claims, Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478; Modin v. Matson Nav. Co., 9 Cir., 128 F.2d 194. In any event it is clear that having obtained a dismissal of their second count appellants were entitled to appeal from the adverse judgment dismissing the first.

The first count, following the usual jurisdictional averments, alleged that on August 20, 1941, and at all times thereafter, appellants were the owners of the halibut boat called the hull No. 20, then being built at Brown's Point, Tacoma, Washington; that being desirous of effecting insurance against risks, including fire on the vessel and upon all materials, apparel, appurtenances, and so forth, acquired or to be acquired or accumulated for and belonging to and destined for said vessel, appellants obtained from appellee and paid the premium upon a policy of insurance, copy of which is attached to the complaint. The pleading avers that this policy was in force from August 20, 1941, to and including February 24, 1942; that in September 1941 and to and including the following February appellants were the owners of tackle, apparel, furniture, fixtures, and material "which belonged to and was destined for the halibut boat then being built, all of which property was covered by the provisions" of the policy, and all of which "was stored in locker No. 325 at the Salmon Bay Terminal of the Port and City of Seattle, Washington"; that appellants were the exclusive owners and in the ex-

clusive possession and control of the locker mentioned and the personal property stored therein, the same being there held for the express purpose of being attached to and used upon and in the operation of the halibut boat and in the equipping and building thereof; and that on the date last mentioned all of the described material was destroyed by fire.

While the trial court did not state the grounds of its ruling, its view concededly was that equipment destined for the vessel, in storage at a place other than the Port of Tacoma, was not within the risk insured against. The "Builders' Risk—Form 50—Amended," attached to the policy as a rider, evidences the contract of the parties. The persons insured included both the owners and the builder of the boat. The policy undertook initially to provide insurance in a stated sum for the period commencing August 20, 1941 and ending November 20 of that year, but in the event delivery was not effected by the latter date the policy was made subject to extension upon payment of additional monthly premiums.

The coverage provided by the builder's risk form was "* * * on hull, tackle, apparel, ordnance, munitions, artillery, engines, boilers, machinery, appurtenances, etc. (including plans, patterns, moulds, etc.), boats and other furniture and fixtures and all material belonging and destined for—*halibut boat hull No. 20* building at *Brown's Point, Tacoma, Washington,* as per clauses hereinbelow specified." A photostatic copy of the form shows that the words we have italicized were typed in. The remaining verbiage is printed.

A clause succeeding the above reads: "This insurance is also to cover all risks, including fire, while under construction and/or fitting out, including materials in buildings, workshops, yards and docks of the assured, or on quays, pontoons, craft, etc., and all risk while in transit to and from the works and/or the vessel wherever she may be lying, also all risks of loss or damage through collapse of supports or ways from any cause whatever, and all risks of launching and breakage of the ways." There is, among others not particularly enlightening, a provision extending the risk to trial trips within a distance of 100 nautical miles of the place of the boat's construction.

The final clause preceding the signature of the insurer reads, in part: "Notwith-

standing the foregoing, this policy is:— * * * (E) Warranted free from claim for loss or damage to engines, boilers and all other materials while in transport, except in the port at which the vessel is being built."

Both parties insist that the provisions of the form are unambiguous, but they are in total disagreement as to the meaning thereof so far as concerns the point at issue. Appellants say that the coverage clearly extends to the equipment in storage on their dock at Seattle, inasmuch as it belonged to and, was destined for the boat. Appellee argues with equal assurance that the risk, as spelled out in the form, extends only to property while located within the Port of Tacoma. For our part we think the language of the contract, as applied to the situation disclosed in the pleading, leaves the subject in considerable obscurity.

It is clear, of course, that equipment while in transport, except while in transport in the Port of Tacoma, is excluded by the warranty clause. But it does not appear that the equipment destroyed was in transport. The phrase in part descriptive of the property covered, namely, "all material belonging and destined for" the boat, may in appropriate circumstances be broadly applied without doing violence to other descriptive matter. The word "destine" or "destined" conveys the idea of predetermination. As defined by Webster, it means, among other things, to appoint, to design, to set apart or designate.

█ We have no settled view concerning the extent of the coverage afforded by this policy, and we desire not to be understood as expressing any. The true intent of the engagement may perhaps be clarified by the showing made in the course of a trial, by facts and circumstances then in evidence, the practical construction, if any, given the contract by the parties, or by proof of custom and usage in the locality. Rule 8 of the Rules of Civil Procedure requires of a pleading only that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." We think the complaint here contains enough to withstand a motion to dismiss under Rule 12(b). The motion should have been denied, with leave to answer, and the parties given opportunity to make their respective showings.

The judgment is reversed and the cause remanded for further proceedings.