**TOOMEY et al. v. TOOMEY et al.**

No. 8915.

United States Court of Appeals
District of Columbia.

Decided April 16, 1945.

Mr. Joseph C. Suraci, of Washington, D. C., for appellants.

Messrs. Leo P. Harlow and Marshall H. Lynn, both of Washington, D. C., for appellees.

Before GRONER, C. J., and EDGERTON and ARNOLD, JJ.

EDGERTON, Associate Justice.

This case began as a suit for a declaratory judgment. The defendants filed three compulsory counterclaims,[1] which arose out of the same transaction as the plaintiffs' claims, and also several permissive counterclaims.[2] Defendants moved to dismiss the original complaint; plaintiffs moved to dismiss the compulsory counterclaims; and there were several motions to strike various parts of other pleadings. The trial court acted upon ten of these motions in a single order the pertinent parts of which are as follows: "Upon consideration of the divers motions filed herein by the respective parties hereto and upon oral argument thereof duly had, it is * * * Ordered, that: * * * Plaintiffs' separate motions to dismiss the separate cross-complaints [i.e., the compulsory counterclaims[3]] * * *, sustained; * * * Motion to dis-

---

[1] "Compulsory Counterclaims. A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Rule 13 (a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[2] "Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." Rule 13 (b), Federal Rules of Civil Procedure.

[3] The pleaders did not follow the terminology prescribed by the Federal Rules but called the compulsory counterclaims "cross-complaints."

*miss* original complaint filed by the plaintiffs, * * * overruled * * *."

■ Defendants noted an appeal from the quoted parts of the order and filed the record in this court. Plaintiffs now move to dismiss the appeal on the ground that the order is not final.[4] Plainly the overruling of the motion to dismiss the original complaint was not a final order.

In support of their contention that the sustaining of the motion to dismiss the counterclaims was likewise not a final order, plaintiffs rely upon our statement in Southland Industries v. Federal Communications Commission[5] that "an appeal cannot be taken * * * from a judgment or decree not final as to all the parties, the whole subject-matter and all the causes of action involved." But that case was decided before the Federal Rules took effect, and what we said there must be modified so far as it is inconsistent with those Rules.[6] Before the Rules were adopted the dismissal of any counterclaim, leaving the plaintiff's claim pending, did not have the effect of a final judgment.[7] But the Rules "indicate a 'definite policy' * * * to permit the entry of separate judgments where the claims are 'entirely distinct' * * * Such a separate judgment will frequently be a final judgment and appealable, though no disposition has been made of the other claims in the action."[8] The same may be said of claims *and counterclaims* which are entirely distinct.

■■ But the Rules intend that a claim and counterclaims which are *not* entirely distinct, but arise out of the same transaction, shall be treated as a unit; that the court shall pass no final judgment upon any of them until the issues involved in all of them have been decided; and that only one final judgment shall be entered upon them all.[9] Rule 54(b) provides: "When more than one claim for relief is presented in an action, the court at any stage, *upon a determination of the issues material to a particular claim and all counterclaims arising out of the transaction* or occurrence which is the subject matter of the claim, may enter a judgment disposing of such claim. The judgment shall terminate the action with respect to the claim so disposed of and the action shall proceed as to the remaining claims."[10] Consequently, "orders of the district court of the type entered in this action below are in essence only pre-trial orders * * * subject to modification 'at the trial to prevent manifest injustice.' If the district court will take care in cases such as this to make it clear that its order is of the pre-trial type as authorized under these rules, the parties will then more fully recognize their rights."[11] The court doubtless intended its order to have only the interlocutory effect which the Rules permit.[12] But even if the order had expressly purported *to be a final judgment dismissing* these compulsory counterclaims, we think the Rules would prevent it from having final effect.[13] Since the order appealed from is interlocutory the appeal must be dismissed.

Appeal dismissed.

---

[4] D.C.Code 1940, § 17—101. Cf. 28 U.S.C.A. § 225.

[5] 69 App.D.C. 82, 83, 99 F.2d 117, 118.

[6] Cf. Collins v. Metro-Goldwyn Pictures Corporation, 2 Cir., 106 F.2d 83, 84–85.

[7] General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 432, 53 S.Ct. 202, 77 L.Ed. 408; Radio Corporation of America v. J. H. Bunnell & Co., 2 Cir., 298 F. 62.

[8] Reeves v. Beardall, 316 U.S. 283, 285, 62 S.Ct. 1085, 86 L.Ed. 1478.

[9] Moore, Federal Practice, 691, 699, 3157; Proceedings of New York Symposium on Federal Rules in Federal Rules of Civil Procedure, Proceedings of Institutes, 339.

[10] Federal Rules of Civil Procedure, Rule 54 (b). Italics supplied.

[11] Audi Vision Inc. v. RCA Mfg. Co., 2 Cir., 136 F.2d 621, 625.

[12] Cf. Sosa v. Royal Bank of Canada, 1 Cir., 134 F.2d 955.

[13] Audi Vision Inc. v. RCA Mfg. Co., supra. Jefferson Electric Co. v. Sola Electric Co., 7 Cir., 122 F.2d 124, 126, in which the final judgment, on a different ground, 7 Cir., 125 F.2d 322, was reversed, 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. 165, is to the contrary, but is criticized in the Audi Vision case and in 3 Moore, Federal Practice, Cum.Supp. 1944, p. 202.