## LAMB et al. v. SHASTA OIL CO. et al.
### No. 10963.

Circuit Court of Appeals, Fifth Circuit.

June 19, 1945.

Rehearing Denied Set. 24, 1945.

730

E. A. Landman, of Athens, Tex., for appellants.

George S. Terry, W. H. Sanford, Conan Cantwell, and W. H. Jack, all of Dallas, Tex., David B. Trammell, of Fort Worth, Tex., and Cecil C. Cammack, of Houston, Tex., for appellees.

Before HOLMES, McCORD, and LEE, Circuit Judges.

PER CURIAM.

There are two motions to dismiss this appeal. One is by Shasta Oil Company and others who seek a dismissal of the appeal from a summary judgment rendered by the court below dated April 15, 1942, filed and entered therein on June 1, 1942. This motion should be and is hereby sustained, because this court is without jurisdiction to entertain the appeal from said judgment, since no appeal was taken or notice given until December 20, 1943. This was nearly nineteen months after final entry of the summary judgment, and far beyond the three months allowed by statute.[1]

The notice of appeal in this case reads in part as follows:

"Notice is hereby given that E. A. Lamb, et al., plaintiffs in the above captioned cause, hereby appeal to the Circuit Court of Appeals for the Fifth Circuit from judgments and orders, which have become final in this case, and entered and described as follows:

"A. Summary judgment dated April 15. 1942, which was rendered and entered on June 1, 1942, and rendered and entered by Honorable Randolph Bryant, judge of said Court, and the same is appealed from in its entirety, and a certified copy of same is hereto attached which shows said summary judgment in full. The said certified copy is marked 'Exhibit 1' of this notice of appeal."

The time limit as to appeals to this court is jurisdictional, and cannot be extended by waiver or consent of the parties or even by order of the court. It is well settled that the filing of notice of appeal within ninety days after entry of judgment is mandatory, and since the notice of appeal from the summary judgment was not given within three months after June 1, 1942, this court is without jurisdiction to consider the appeal.[2]

The second motion is to dismiss the appeal from the final judgment in the same case entered March 14, 1943. The appeal from this judgment was also taken on December 20, 1943. Dismissal is asked on the following grounds: Extensions of time were granted by both the trial court and this court. On January 13, 1945, on motion of appellants, this court granted sixty days from that date within which to file the printed record in this court. Although the case was called for hearing on the merits on May 21, 1945, the printed record then had not been filed, and at that time the case was heard and submitted on the motions to dismiss. Only one notice of appeal was filed by appellants. It undertook to appeal from all orders and judgments that had become final in this case. The summary judgment was an appealable final judgment.[3]

We think both motions to dismiss the appeal should be sustained, and it is so ordered.

On Petition for Rehearing.

It is ordered by the court that the motion filed by appellants to extend the time 30 days from September 15, 1945, within which to file the printed record in the above entitled and numbered cause, be, and the same is hereby, denied.

The appellants having failed to file the printed transcript of record and their briefs in due form as provided by the order of this court entered on July 24, 1945, on the petition for rehearing, it is further ordered by the court that the petition for rehearing filed in the above entitled and numbered cause as to the final judgment entered by the District Court in said cause on March 14, 1943, be, and the same is hereby, denied.

---

[1] 28 U.S.C.A. § 230. See also Rule 73 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[2] Stradford v. Wagner, 10 Cir., 64 F.2d 749; John E. Koerner & Co. v. Hunter Milling Co., 10 Cir., 83 F.2d 894; Crump v. Hill, 5 Cir., 104 F.2d 36; Morrow v. Wood, 5 Cir., 126 F.2d 1021; Alexander v. Special School District, 8 Cir., 132 F.2d 355.

[3] Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478.