FLEMING v. FRY et al.
No. 11270.

Circuit Court of Appeals, Ninth Circuit.
March 19, 1947.

---

[1] Western Union Cold Storage Co. v. Ermeling, 73 Ill.App. 394.

George Moncharsh, Deputy Adm. for Enforcement, Milton Klein, Director, Litigation Division, Samuel Mermin, Chief, Sp. Lit. Branch, and Albert J. Rosenthal, Atty., OPA., all of Washington, D. C., William B. Wetherall, Regional Lit. Atty., OPA., of San Francisco, Cal., David O. Brown, Dist. Enf. Atty., OPA., of Phœnix, Ariz., for appellant.

Norman S. Herring, of Douglas, Ariz., for appellees.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

Chester Bowles, Price Administrator, brought an action against appellees, Raymond Fry, Marie E. Fry, Oliver Fry and Minnie Fry. The action was commenced by filing a complaint on February 28, 1945. An amended complaint was filed on June 2, 1945. The amended complaint was in 47 counts. Appellees moved to dismiss counts 1–43. As to count 1, no ruling appears to have been made on the motion. As to counts 2, 42 and 43, the motion was denied. As to counts 3–41, the motion was granted, and a judgment was entered dismissing said counts. From that judgment Administrator Bowles took this appeal.[1]

The claims stated in counts 3–41 arose out of transactions which were separate and distinct from the transactions out of which the claims stated in the other counts arose. Hence the judgment dismissing counts 3–41 was a final decision, within the meaning of § 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a), and was appealable.[2]

As to counts 3–41, the grounds of appellees' motion were that none of said counts was "based on a right of action given by the laws of Congress of the United States nor by the regulations of the Office of Price Administration," and that the District Court had "no jurisdiction of the actions attempted to be brought in said [counts]."

Counts 3–41 were based on the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, §§ 901–946. In substance and effect, each of said counts charged that appellees had violated § 4 of the Act, 50 U.S.C.A.Appendix, § 904, by violating a regulation under § 2 of the Act, 50 U.S.C.A.Appendix, § 902, namely, Rent Regulation for Housing (8 F.R. 14663), as amended. Each of said counts stated a claim upon which relief could be granted under § 205(a) of the Act, 50 U.S.C.A.Appendix, § 925(a).[3] Jurisdiction to grant such relief was vested in the District Court by § 205(c) of the Act, 50 U.S.C.A.Appendix, § 925(c). Therefore, as to each of said counts, appellees' motion should have been denied.

Judgment reversed.

---

[1] After the appeal was taken, Paul A. Porter, Price Administrator, was substituted as appellant in the place and stead of Administrator Bowles. Later Philip B. Fleming, Temporary Controls Administrator, was substituted as appellant in the place and stead of Administrator Porter.

[2] Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478; Hanney v. Franklin Fire Ins. Co., 9 Cir., 142 F. 2d 864. Cf. Wright v. Gibson, 9 Cir., 128 F.2d 865.

[3] Whether any of said counts stated a claim upon which relief could be granted under § 205(e) of the Act, 50 U.S. C.A.Appendix, § 925(e), we need not and do not now decide.