### KEYES FIBRE CO. v. CHAPLIN CORPORATION.

Civ. No. 305.

District Court, D. Maine, S. D.

Dec. 1, 1947.

Edward Atwood, of Portland, Me., George Rawlings, of Boston, Mass., and Arthur G. Connolly, of Wilmington, Del., for plaintiff.

E. W. Marshall, of New York City, and Raymond E. Jensen and Carroll S. Chaplin, both of Portland, Me., for defendant.

CLIFFORD, District Judge.

At a pre-trial conference and hearing on motions in the chambers of the United States District Court for the District of Maine, held in Portland, on October 28, 1947, plaintiff was represented by Edward W. Atwood of Portland, George Rawlings of Boston, and Arthur G. Connolly of Wilmington, Delaware. Defendant was represented by E. W. Marshall of New York, Raymond E. Jensen of Portland, and Carroll S. Chaplin of Portland. An official transcript of the discussion was taken at the request of the parties and will be referred to herein.

This memorandum will serve as the order following a pre-trial conference as required by Rule 16 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as well as the means of disposing of certain written and oral motions made at this conference. The principal issue is raised by defendant's motion to submit an amended answer and counterclaim, the allowance of certain portions of which plaintiff opposes.

Plaintiff brings its action under 28 U.S.C.A. § 41 (7), pertaining to suits arising under the patent laws, and under 28 U.S.C.A. § 400, the Declaratory Judgment Act.

The substance of the complaint is that defendant corporation, as the assignee of patent 2,359,201, issued on September 26, 1944 to Merle P. and Charles J. Chaplin, notified plaintiff that in using certain die-units in producing egg and filler flats, the said plaintiff was infringing the above-mentioned patent, hereafter referred to as the Chaplin patent.

Plaintiff brings this action, asking for a declaratory judgment stating, first, that the Chaplin patent is invalid, and, second, that plaintiff's die-units do not infringe any claims of the Chaplin patent, even if the latter is valid. Plaintiff further prays for a preliminary and permanent injunction restraining defendant from asserting any infringement on the part of plaintiff. Plaintiff also asks for damages and costs.

Defendant, in a proposed amended answer and counterclaim, in substance denies all allegations of invalidity of the Chaplin patent and makes the following counterclaims: first, that plaintiff is infringing the Chaplin patent (paragraph B of the amended counterclaim); second, that plaintiff used the invention claimed by the Chaplin patent in breach of a confidential relation, from a date prior to the granting of the Chaplin patent on September 26, 1944 (paragraph C); third, that other breaches of fiduciary relationship by plaintiff occurred in respect to other patent applications of defendant than the patent in suit (paragraph I and J).

Defendant seeks lump sum damages in the amount of $300,000 based on infringement and on the several alleged breaches.

of fiduciary relationship. Defendant also asks that the complaint be dismissed, with costs against plaintiff, that a declaratory judgment issue, invalidating certain design patents allegedly procured by plaintiff through violating a fiduciary duty to defendant, that plaintiff be enjoined from further infringement, and that plaintiff account for profits, and be assessed triple damages.

The procedural history of this action is already quite extensive. A short summary of such history may be appropriate.

The complaint was filed on October 15, 1945, with answer and counterclaim being filed on January 14, 1946. On March 28, 1946, a show cause order was granted to plaintiff, asking that defendant show cause why it should not reveal certain specific data, supporting its averments. Response to this order was made on April 30, 1946. On July 12, 1946, plaintiff filed a motion to strike parts of defendant's answer and also to strike documents submitted by defendant pursuant to the order of March 28, as being prohibitive in bulk and quantity. On this same date, plaintiff filed an answer to defendant's counterclaim. Both parties filed requests for interrogatories and received answers. The documents above referred to were struck by the court without prejudice should they prove to be pertinent at any later stage in the proceedings. On June 23, 1947, defendant gave notice of his motion to file an amended answer and counterclaim.

Opportunity was given the parties at the hearing and conference herein summarized to discuss and move for action on a number of issues. On the following points, they were able to reach an agreement, viz.:

(1) They agreed that the amended answer should be allowed, excluding paragraphs 26, 27, and 28, plaintiff agreeing (page 28 of the transcript) to allow defendant to utilize matter covered by the excluded portions in proving the allegations elsewhere in the answer.

(2) They agreed that plaintiff should be allowed to place in issue the defence specified in its proposed paragraph 26 of the complaint without the necessity of moving for an amendment.

(3) The defendant raised no final objection to the allowance of an amendment to plaintiff's complaint, reading "Patent 2,359,-201 is invalid and invalid because defendant has unduly failed to file a disclaimer therein."

(4) Plaintiff concedes that defendant denies this allegation quoted in paragraph 3, supra, without the necessity for filing a written pleading.

(5) Both parties agreed to limit their independent expert witnesses, apart from their own employees and officers, to two for each side.

(6) Plaintiff and defendant also agreed to try to reach agreement on the problem of excluding as much material now contained in the file wrapper of the patent in suit as is feasible.

(7) Plans were suggested for viewing the dies in question, if it proves to be impractical to bring the dies to the court.

Beyond this point, agreement was not reached. The discussion which then took place was general and ranged over the major contentions of both defendant and plaintiff, although it was conceded that no decision on any substantive issue could be had at this time.

The large procedural issue of this hearing was introduced by plaintiff's counsel, Mr. Connolly, who, after questioning defendant's counsel, Mr. Marshall, at some length, moved that the counterclaim be dismissed "insofar as it concerns the misuse count" (page 15) or, in other words, "as it concerns any cause of action over and above the patent infringement." (Page 20)

Plaintiff supports this motion by contending that so much of the counterclaim as relates to other matters than patent infringement and validity, such as a misuse of information obtained under an agreement by which defendant was to submit ideas to plaintiff, plaintiff in return being obligated to secure licenses from defendant for any such ideas utilized, is a cause of action of a non-federal nature, not being one under the patent laws, and that the evidence required to sustain such a contention would involve the introduction of proof that would be wholly immaterial, and irrelevant to the issue of infringement and validity of the

patent in suit.

There being no diversity of citizenship, defendant sought to base jurisdiction of its entire counterclaim on Rule 13 (a) of the Federal Rules of Civil Procedure, regarding compulsory counterclaims, and on the authority of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148.

■ With reference to the first alleged basis for jurisdiction, Rule 13 (a) is of no great help in determining the scope of this court's power in the instant case. Rule 82 appropriately observes: "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein." As was stated in Hurn v. Oursler, supra, 289 U.S. at page 242, 53 S.Ct. at page 588, "That a statement of the particular counterclaim there was required by the rule is not material, since the federal jurisdiction can neither be extended nor abridged by a rule of court."

The issue comes down, then, to the question of the applicability of the rule of Hurn v. Oursler, supra. This case held that when a federal court has jurisdiction of a federal claim, joined with a non-federal claim, based on the same conduct, that count can properly take jurisdiction of the non-federal claim.

■ Although the language in that case retarding the requirement of precise identity of facts to support both the federal and non-federal claim is not, as the court said in Zalkind v. Scheinman, 2 Cir., 139 F.2d 895, at page 899, to be taken too literally, there must still be a substantial identity of facts. Armstrong Co. v. NuEnamel Corp., 305 U.S. 315, 325, 59 S.Ct. 191, 83 L.Ed. 195.

The issue raised by the motion under consideration is whether the facts and testimony necessary to support the counterclaim are substantially identical with the proof necessary to support the complaint.

To answer this question, recourse to statements by counsel in the course of the pre-trial conference, as recorded by the Official Reporter, is helpful.

On page 10 of the transcript, the following dialogue takes place:

"Mr. Connolly: (for plaintiff) The damages, as to the patent infringement action, I presume take place from the time the patent was issued in 1944 to date. The damages for the misuse, if you will, started in 1938, when you alleged that the plaintiff commenced this misuse, and run up to date. Am I correct in that statement, Mr. Marshall?

"Mr. Marshall: (for defendant) If it shows that that is when you began to use the inventions, which is disclosed in the patent in suit, that is correct."

On pages 13 and 15 is found the following:

"Mr. Connolly: Do you contend that there has been any misuse that goes beyond the patent? In other words, did the plaintiff, according to your contentions, make any articles or use any of your inventions which did not come within the terms of the patent? * * *

"Mr. Marshall: Yes.

"Mr. Connolly: So that we have articles which you contend involve a misuse of this fiduciary relationship, but you do not contend that they also infringe the patent?

"Mr. Marshall: We contend that some of them, namely, those which include the die which defendant disclosed in confidence to plaintiff, infringe the patent in suit, and there are others, namely, three design patents set up in our counterclaim as having been adopted by plaintiff after disclosure by the defendant. They are not covered by the patent in suit which pertains to the construction of a die for making moulded pulp articles.

"Mr. Connolly: So we can agree that the misuse count embraces the alleged inventions over and above the inventions of the patent (in) suit?

"Mr. Marshall: That's right.

"The Court: And were incorporated by the plaintiff?

"Mr. Marshall: Correct. Yes, sir.

"Mr. Connolly: According to your charge, the use ran back to 1938?

"Mr. Marshall: We believe that to be a fact."

Both from consideration of defendant's concept of its case as above expressed and

from analysis of the parts of the pleadings briefly alluded to above, it is the court's opinion that a large part of defendant's counterclaim does not come within the rule of Hurn v. Oursler.

When defendant enlarges its counterclaim beyond the damages suffered by patent infringement, the proof necessary to support its allegations is broadened substantially. It must go back in time to 1936, when the agreement between plaintiff and defendant was allegedly consummated. It must prove that agreement, although such proof would be unnecessary were the sole questions those of priority of invention or infringement. Were only these latter at issue, proof only of submission of the idea to plaintiff prior to a time when its employees conceived the idea would be required.

Defendant must also introduce proof respecting the three design patents in order to sustain the contentions stated in the counterclaim relating to the misuse count. Such proof would be irrelevant were the only issues those of infringement and validity of the patent in suit. It must further concern itself with plaintiff's production before September 26, 1944 in order to lay a basis for damages resulting from the alleged misuse. Such evidence would be not only substantial in bulk, but would be unnecessary if the issues were restricted to the patent in suit. It is thus apparent that the proof necessary to sustain the misuse count would be factually quite different from that required to sustain the claims of infringement and validity.

Finally, proceedings leading to the granting of the Shepard patent to plaintiff would be brought into the evidence together with the alleged falsity behind them, under defendant's concept of jurisdiction, whereas so long as validity and infringement of the Chaplin patent are the only issues, such matters would largely be irrelevant.

This court is not unmindful of the force of Judge Clark's dissent in Zalkind v. Scheinman, 2 Cir., 139 F.2d 895, 905, and of the need for economy in judicial administration. But even by Judge Clark's definition of a "cause of action" such as was contained in Reeves v. Beardall, 316 U.S. 283,

62 S.Ct. 1085, 86 L.Ed. 1478, it is obvious that here are "differing occurrences or transactions" which are sought to be embraced by the counterclaim.

The plaintiff's motion to dismiss the defendant's counterclaim insofar as it concerns any cause of action over and above infringement of the patent in suit is hereby granted.

With reference to the defendant's motion to amend the answer and counterclaim, dated June 23, 1947:

(1) Such motion is granted as to the answer, with the exceptions of defendant's proposed paragraphs 26, 27, and 28, which were made the subject of a stipulation contained in paragraph 1 of the summary of agreements reached at this hearing;

(2) Such motion is granted as to the counterclaim, insofar as it concerns a claim based on alleged infringement of the patent in suit. Specifically, the amendments contained in paragraphs A and B of said proposed counterclaim are hereby allowed, the remaining paragraphs being disposed of by the granting as aforesaid of the plaintiff's motion to dismiss.

The motion to amend the complaint by adding plaintiff's proposed paragraph 27, hereinabove quoted in paragraph 3 of the summary of agreements, is hereby granted.

The Clerk of Courts is hereby instructed to make the necessary docket entries to reflect the present status of the action.