## WEISS v. YOUNG.

### No. 748.

Municipal Court of Appeals for the District of Columbia.

Feb. 21, 1949.

James G. Boss, of Washington, D. C., for appellant.

Elizabeth R. Young, pro se.

Before CAYTON, Chief Judge and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This action was instituted by the filing of a complaint for interpleader. Plaintiffs therein were Bernard L. Eberts and Elizabeth R. Young. Faye Weiss, Theodore Mars and John H. Price were named as defendants. The complaint alleged that Weiss and Mars had agreed to purchase from Price a restaurant business and under their agreement had deposited $1,000 with Eberts and Young to be paid by them to Price upon consummation of the contract; that the contract was never consummated; that Weiss had demanded return of the deposit and Price had made claim to it; and that Eberts and Young were in doubt as to the rights of the parties. The complaint asked that plaintiffs be permitted to pay the $1,000 into the registry of the court and be discharged from further liability in respect thereto, and that defendants be required to interplead and have their rights determined as to said money.

A motion by Weiss for judgment on the pleadings in her favor for $1,000 was denied and she thereafter filed an answer and counterclaim. These pleadings alleged that the contract provided for the return of the deposit to Weiss and Mars in the event sale was not consummated, that Eberts was willing to return the deposit to Mars and Weiss, that Mars had assigned his interest in the deposit to Weiss, that Price had asserted no claim to the deposit; and the

counterclaim sought judgment in favor of Weiss against Young for $1,000. Young answered the counterclaim, denying any interest in the deposit and alleging that both Weiss and Price were demanding it. Price apparently has not been served with process and no pleadings have been filed by him.

Young moved for summary judgment in her favor on the counterclaim against her by Weiss. The motion was granted and this appeal is by Weiss from that judgment.

■■ Our first question is whether the judgment on the counterclaim is appealable. It is plain the judgment did not decide all issues between all parties. The main action remains pending and unheard. The federal rule has long been that a case "is not to be sent up in fragments." Catlin v. United States, 324 U.S. 229, 234, 65 S.Ct. 631, 634, 89 L.Ed. 911. This rule has not been abrogated by the practice under the Federal Rules of Civil Procedure, 28 U.S.C.A., on which the trial court's rules are based, authorizing free joinder of claims and counterclaims and the entry of separate judgments, except that a judgment disposing of an "entirely distinct" claim is appealable even though no disposition has been made of the other claims. Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478. In Toomey v. Toomey, 80 U.S. App.D.C. 77, 78, 149 F.2d 19, 20, the court, in holding that dismissal of a compulsory counterclaim did not constitute a final and appealable order, said: "But the Rules intend that a claim and counterclaims which are not entirely distinct, but arise out of the same transaction, shall be treated as a unit; that the court shall pass no final judgment upon any of them until the issues involved in all of them have been decided; and that only one final judgment shall be entered upon them all." [1]

It is quite clear, we think, that the counterclaim in this case was not entirely distinct from the main action but instead arose from the same occurrence or transaction out of which the main action arose. Decision of the main action may give substantially the same relief sought in the counterclaim. We must therefore hold that the judgment on the counterclaim was not a final and appealable judgment.

Appeal dismissed.

[1] See cases there cited and also Western Contracting Corp. v. National Surety Corporation, 4 Cir., 163 F.2d 456; Clark v. Taylor, 2 Cir., 163 F.2d 940; Nachtman v. Crucible Steel Co. of America, 3 Cir., 165 F.2d 997. To eliminate some of the uncertainty which often faces counsel in deciding the appealability of a separate order or judgment, F. R. C. P. 54 (b) has been amended, but the trial court's Rule 49(a) remains the same as F. R. C. P. 54 (b) prior to its amendment.