KANATSER v. CHRYSLER CORP.

No. 4360.

United States Court of Appeals
Tenth Circuit.

Feb. 27, 1952.

Phil E. Daugherty, Oklahoma City, Okl. (Ames, Daugherty, Bynum & Black, Oklahoma City, Okl., were with him on the brief), for appellant.

David A. Richardson, Oklahoma City, Okl. (Richardson, Shartel & Cochran, Frank M. Dudley, Oklahoma City, Okl., and Byron A. Carse, Detroit, Mich., were with him on the brief), for appellee.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

Ruth Kanatser instituted this action against The Chrysler Corporation to recover damages arising out of an automobile accident. The cause was tried to a jury and a verdict was returned for plaintiff. Defendant seasonably filed a motion for judgment notwithstanding the verdict and in the alternative for a new trial. Excessiveness of the verdict was not a ground of the motion for new trial. The motion was silent in respect to the verdict being excessive in amount. At a hearing on the motion held approximately seven months after its filing the court indicated that in its opinion the verdict was excessive and ordered plaintiff to accept or reject within five days a remittitur reducing the amount of the recovery to $15,000. Plaintiff declined to remit. The court entered an order providing that defendant's motion for new trial be granted on the ground that the verdict was excessive and plaintiff failed to file a remittitur as required by the court; and the order expressly provided that the verdict, and judgment spread of record at the time of the return of the verdict, be set aside. Plaintiff appealed from the order granting a new trial.

The question whether this court has jurisdiction is presented on the face of the record. Section 1291, Title 28, United States Code, provides that the courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts, except where a direct review may be had in the Supreme Court; and section 1292 expressly authorizes appeals from certain interlocutory orders and decrees and from judgments in actions for patent infringement which are final except for accounting. Courts of appeal are courts of limited jurisdiction; and save for excepted instances, they have jurisdiction to review only final decisions of the district courts. Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478; Roche v. Evaporated Milk Association, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; Breeding Motor Freight Lines v. Reconstruction Finance Corp., 10 Cir., 172 F.2d 416, certiorari denied 338 U.S. 814, 70 S.Ct. 54, 94 L.Ed. 493.

This appeal was not taken from a final judgment. Neither was it taken from an order of the kind from which an appeal is expressly authorized by statute. It was taken from an order granting a new trial. And it is well settled that an order of that kind is not an appealable order. Hunt v. United States, 10 Cir., 53 F.2d 333; Marshall's U. S. Auto Supply, Inc. v. Cashman, 10 Cir., 111 F.2d 140, certiorari denied 311 U.S. 667, 61 S.Ct. 26, 85 L.Ed. 428; Traders & General Insurance Co. v. Yellow Cab Operating Co., 10 Cir., 124 F.2d 400; Dostal v. Baltimore & Ohio Railroad Co., 3 Cir., 170 F.2d 116; Ford Motor Co. v. Busam Motor Sales, 6 Cir., 185 F.2d 531.

While an order granting a new trial is not one from which an appeal will lie, it is reviewable. But it is open to review through regular channels only on appeal

from a final judgment subsequently entered or on appeal from an appealable order. Marshall's U. S. Auto Supply, Inc. v. Cashman, supra; United States v. Hayes, 9 Cir., 172 F.2d 677; Buder v. Fiske, 8 Cir., 174 F.2d 260; Ford Motor Co. v. Busam Motor Sales, supra.

The appeal is dismissed.