**LEONIDAKIS**

v.

**INTERNATIONAL TELECOIN CORP.**

No. 90, Docket 22699.

United States Court of Appeals Second Circuit.

Argued Dec. 18, 1953.

Decided Dec. 30, 1953.

Clarence Fried, New York City (Hawkins, Delafield & Wood and Edward J. Madden, New York City, on the brief), for defendant-appellant.

George C. Mantzoros, New York City (Harry Meisel, New York City, on the brief), for plaintiff-appellee.

Before CLARK, FRANK, and HINCKS, Circuit Judges.

PER CURIAM.

Plaintiff purchased of defendant 15 Bendix washing machines to be shipped to plaintiff at Athens, Greece. When the shipment was not made within the time plaintiff desired, he canceled the contract and brought this action in the Supreme Court of the State of New York. His complaint set forth three "causes of action": the first to recover $2,532.75 advance payment on the machines, the second to recover $534.00 advanced for forwarding charges for the shipment, and the third for $10,000 damages for failure to perform the contract. Defendant removed the action to the court below, basing jurisdiction upon the diverse citizenship of the parties; it then filed its answer containing several defenses, including denials and the statute of frauds, together with a counterclaim alleging its ability and willingness to perform, the plaintiff's refusal, and its damages in the sum of $3,500. Plaintiff's reply was a denial of the allegations of the counterclaim. Plaintiff moved for a summary judgment on the first two causes of action and the answer and counterclaim. Upon considering the affidavits of the parties, the judge in a memorandum opinion ruled that the defendant was in default in not making shipment as agreed and, there being no genuine issue of material fact, plaintiff should have summary judgment upon his first two causes and, although not specifically asked, also upon the third cause as to the issue of liability, reserving for trial solely the issue of damages thereunder. Upon defendant's appeal from the resulting order, plaintiff raises first a question as to its appealability.

The order appealed from makes no reference to the defendant's counterclaim. Stating that "there being no just reason for delay," it enters judgment for the plaintiff upon the first and second causes of action in the complaint in the sum of $3,066.75 with interest and costs, and continues by ordering an interlocutory judgment for plaintiff upon the third cause as to the issue of defendant's liability to the plaintiff "and for such amount as may be found due to the plaintiff as damages thereunder," with the further order that the action be placed on the calendar of the court "for trial on the sole issue of damages under the third cause of action."

Assuming that the language employed is adequate for the finding of finality required under amended F.R. 54(b), we are met with the question whether multiple claims are presented to afford the necessary basis for operation of the rule. The facts show that all the questions involved turn upon the single issue as to whether defendant delayed its shipment be-

yond the time permissible under the terms of the contract and New York law. There is thus but a single claim, based upon a single occurrence. Reeves v. Beardall, 316 U.S. 283, 285, 62 S.Ct. 1085, 86 L.Ed. 1478; Original Ballet Russe v. Ballet Theatre, 2 Cir., 133 F.2d 187, 189. Moreover, the specific authority for entering a partial summary judgment on the issue of liability alone, leaving the issue of damages for trial, is F.R. 56(c), which designates this type of summary judgment as "interlocutory in character." The appeal is therefore premature.

Appeal dismissed.