**J. Norman "Stoney" STONE,**
**Appellant,**

**v.**

**The Honorable WYOMING SUPREME**
**COURT, Appellee.**

**No. 5372.**

United States Court of Appeals
Tenth Circuit.

Aug. 4, 1956.

J. Norman Stone, Washington, D. C., pro se.

Robert H. McPhillamey, Deputy Atty. Gen. (George F. Guy, Atty. Gen. of Wyoming, and Howard B. Black, Asst. Atty. Gen., of Wyoming, were with him on the brief), amicus curiae.

Before BRATTON, Chief Judge, PHILLIPS, Circuit Judge, and ROGERS, District Judge.

BRATTON, Chief Judge.

J. Norman Stone, hereinafter referred to as petitioner, made application for admission to the Bar of Wyoming. After certain intervening procedure, the application was denied. Application of Stone, Wyo., 288 P.2d 767. Petitioner then filed in the United States Court for Wyoming this proceeding in which he sought a writ of mandamus to compel the Supreme Court of Wyoming to admit him to the Bar of that state. Honorable T. Blake Kennedy, United States Judge for Wyoming, retired, but assigned to active service in the court, entered an order dismissing the petition for want of jurisdiction. Petitioner then filed in the proceeding a pleading styled "Motion for Permission to Exercise Legal Right of Argument in Open Court and for Disqualification of Honorable Judge Blake T. Kennedy". An order was entered deny-

ing the motion. Petitioner thereafter filed a pleading denominated "Motion to Reconsider Honorable Court's Order Overruling Plaintiff's Motion to Exercise Legal Right of Argument in Open Court and for Disqualification of Honorable Judge T. Blake Kennedy and Motion for Citation by Honorable Judge T. Blake Kennedy of Cases Supporting Said Denial as Explained in Judge's Memorandum". An order was entered denying such motion. Later, petitioner filed a pleading styled "Motion for Leave to File Amended Complaint and for Disqualification of Hon. T. Blake Kennedy, Retired Judge". An affidavit of prejudice and a proposed amended complaint were tendered with the motion. At the same time, petitioner filed a pleading styled "Motion for Leave to Argue Motion for Leave to File Amended Complaint and for Disqualification of Honorable T. Blake Kennedy, Retired Judge". At that juncture a letter was filed in the proceeding. The letter was written by the judge to the clerk. It was stated in the letter that the orders already entered in the cause formed the basis of any appeal upon the question of the court's action in declining jurisdiction and on all collateral issues involved; that the court would make no further orders in the case except those necessary to expedite an appeal; that the letter should become a part of the files in the case; and that a copy thereof be transmitted to plaintiff for his information. Petitioner appealed.

■ Courts of appeals are courts of limited jurisdiction; and save for excepted instances in which it is provided otherwise by statute, they have jurisdiction to review only final decisions of the district courts. Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478; Crutcher v. Joyce, 10 Cir., 134 F.2d 809; State Tax Commission of Utah v. United States, 10 Cir., 136 F.2d 903; Breeding Motor Freight Lines v. Reconstruction Finance Corp., 10 Cir., 172 F.2d 416, certiorari denied 338 U.S. 814, 70 S.Ct. 54, 94 L.Ed. 493; Kanatser v. Chrysler Corp., 10 Cir., 195 F.2d 104; The Atchi-

son, Topeka and Santa Fe Railway Co. v. Jackson, 10 Cir., 235 F.2d 390.

■■ With exceptions which do not have any material bearing here, Rule of Civil Procedure 73(a), 28 U.S.C.A., provides that when an appeal is permitted by law from a district court to a court of appeals, it shall be taken by filing with the district court a notice of appeal, and that such notice shall be filed within thirty days after entry of the judgment from which the appeal is taken. And the filing of the notice within that time is essential to the jurisdiction of the court of appeals. Spengler v. Hughes Tool Co., 10 Cir., 169 F.2d 166. The order of the court dismissing the petition for the writ was entered on December 16, 1955, and the notice of appeal by which the proceeding was brought to this court was filed February 28, 1956. If the notice could be considered as an attempt to appeal from the final order dismissing the petition for the writ, it did not operate to effectuate such appeal for the reason that it was not filed within the time specified in the rule.

Rule of Civil Procedure 73(b), 28 U.S.C.A., provides in presently pertinent part that the notice of appeal shall designate the judgment or part thereof appealed from. That exaction constitutes a mandatory requirement and the jurisdiction of the court of appeals is limited to the judgment or portion thereof designated. Long v. Union Pacific R. Co., 10 Cir., 206 F.2d 829.

■ The notice of appeal filed in this case did not make any reference to the final order dismissing the petition for the writ. It expressly stated that the appeal was taken "from the order on motion of plaintiff to reconsider motion entered in this action on January 25, 1956, and from a communication directed to Clerk, U. S. District Court for Wyoming by Honorable Judge T. Blake Kennedy, retired, * * * stating that he will make no further orders in this case * *." A direct appeal will not lie from a post-judgment order denying a motion to reconsider earlier action taken on a post-

judgment motion. American Fire & Casualty Co. v. Allison, 5 Cir., 189 F.2d 255; Vaughan v. City Bank & Trust Co., Natchez, Miss., 5 Cir., 218 F.2d 802, certiorari denied 350 U.S. 832, 76 S.Ct. 67. Neither will a direct appeal lie from an announced declination to enter further post-judgment orders in a case. And a dissatisfied suitor may not maintain a direct appeal from an order denying requested disqualification of the judge. Skirvin v. Mesta, 10 Cir., 141 F.2d 668.

The appeal is dismissed.