**COTT BEVERAGE CORPORATION, Plaintiff,**

v.

**CANADA DRY GINGER ALE Incorporated et al., Defendants.**

**No. 234, Docket 24430.**

United States Court of Appeals Second Circuit.

Submitted March 19, 1957.

Decided May 3, 1957.

Appeal from the United States District Court for the Southern District of New York; John F. X. McGohey, Judge.

Bader & Bader, New York City (I. Walton Bader, New York City, of counsel), for plaintiff.

Cravath, Swaine & Moore, New York City (Ralph L. McAfee, Allen F. Maulsby, and Charles G. Moerdler, New York City, of counsel), for defendants.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

The complaint herein, as Judge McGohey shows in his reasoned opinion, D.C. S.D.N.Y., 146 F.Supp. 300, charged an extensive conspiracy to restrain interstate commerce in soft drinks. Judge McGohey was not impressed with certain of the claims and therefore dismissed two of the four causes of action into which the complaint was divided and ordered extensive corrections by way of an amended complaint in the others. Thus he held insufficient a count alleging a conspiracy between a corporation and its own officers and directors, as well as

a count alleging a well-known and apparently valid trade-mark now void and unenforceable. All the acts alleged are intertwined to make one conspiracy, so that this is a single claim, not a multiclaim, controversy. True, after we had once dismissed this appeal, Judge McGohey was persuaded belatedly to file the findings of finality set forth in Fed.Rules Civ.Proc. rule 54(b) to make a judgment on one of several claims appealable. But we have held that dismissal must follow, notwithstanding the finding, if but a single over-all claim is stated. See, e. g., Leonidakis v. International Telecoin Corp., 2 Cir., 208 F.2d 934; Zwack v. Kraus Bros. & Co., 2 Cir., 237 F.2d 255.

Plaintiff relies on certain expressions, apart from context, in Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297, and Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311, as extending claim to mean not a single happening, transaction, or occurrence, but in effect any variation in legal theory, and that the district judge's certificate must be accepted by us unless there is abuse of discretion. 351 U.S. at page 452, 76 S.Ct. 904. We do not think Justice Burton intended to go thus far; the whole tenor of his discussion, as well as the actual decisions, seems to us to re-enforce the point of our cases stated above. But if we are in error here, then we must find an abuse of discretion in the granting of the finding of finality. There is here but one species of economic activity and coercion stated, though it may have taken various forms and may have violated differing rules of statutory or common law. We cannot decide the issues intelligently piecemeal and, if we so attempt, are sure to find ourselves uttering pious generalities only which will come back to plague us later. We doubt if plaintiff will actually find itself limited in proof that it may wish to offer at trial and we venture the prophecy that this present issue will be quite moot after trial.

Motion granted; appeal dismissed.