John **FERRO**, Harry Lauda and Jerome J. Gagliano, on behalf of themselves, and all those similarly situated, Plaintiffs-Appellants,

v.

**RAILWAY EXPRESS AGENCY, INC.**, et al., Defendants-Appellees.

No. 46, Docket 26358.

United States Court of Appeals Second Circuit.

Argued Jan. 4, 1961.

Decided Feb. 3, 1961.

Harold, Luca, Persky & Mozer, New York City, for plaintiffs-appellants.

James V. Lione, New York City, for Railway Express Agency, Inc.

Francis R. Curry, New York City, Edward J. Hickey, Jr., James L. Highsaw, Jr., Washington, D. C. (Reilly, Curry & Gibbons, New York City, Mulholland, Robie & Hickey, Washington, D. C., of counsel), for Brotherhood of Railway and Steamship Clerks, and others.

Before LUMBARD, Chief Judge, and SWAN and WATERMAN, Circuit Judges.

PER CURIAM.

Plaintiffs seek to appeal from an order of Judge Palmieri, D.C.S.D.N.Y.1960, 183 F.Supp. 417, which (1) granted defendants' motion to dismiss so much of the plaintiffs' complaint as purported to allege a federal question under the Railway Labor Act, 45 U.S.C.A. § 157 et seq., grounded upon the allegation that defendants hostilely discriminated against the plaintiffs in connection with work assignments; but (2) allowed plaintiffs to pursue their state common law cause of action wherein they allege their wrongful discharge from employment if they within 30 days amend their complaint so as to limit their allegations to the remaining wrongful discharge claim.

The latter portion of the order, allowing amendment, is interlocutory and is not appealable under 28 U.S.C. §§ 1291 and 1292, and therefore the action for wrongful discharge remains to be adjudicated in the court below.

Rule 54(b) of the Federal Rules of Civil Procedure (28 U.S.C.Appendix 1958 Ed.) reads as follows:

"(b) Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims.

The court below did not so certify with respect to the claims alleged to have arisen under the Railway Labor Act. Therefore the portion of the district court order dismissing those claims is not appealable until the state common law cause of action is finally disposed of or until the judge below properly certifies its judgment pursuant to Rule 54(b). Sears, Roebuck & Co. v. Mackey, 1956, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297; Republic of China v. American

Express Co., 2 Cir., 1951, 190 F.2d 334.[1]

Accordingly we hold that if the plaintiffs procure the required certification from the judge below they may prosecute a new appeal; and if the parties stipulate to permit us to do so we shall then consider the questions raised upon the present appeal record as thus supplemented. See Republic of China v. American Express Co., supra, and at 2 Cir., 1952, 195 F.2d 230.[2]

Appeal dismissed.

LUMBARD, Chief Judge (concurring and dissenting).

I agree that the lack of a certificate by the district judge under Rule 54(b) deprives us of jurisdiction to hear this appeal, but I do not agree that a new appeal may be prosecuted if such a certificate of finality is filed. The plaintiffs' claims all arose out of one "aggregate of operative facts." See Original Ballet Russe v. Ballet Theatre, 2 Cir., 1943, 133 F.2d 187, 189. If the defendants' conduct amounted to "discrimination," a federal claim could be asserted; if it amounted to an unlawful conspiracy and wrongful discharge, a state claim existed. The dismissal of the federal claim, therefore, is not appealable until all causes of action arising out of the one set of facts are determined. Schwartz v. Eaton, 2 Cir., 1959, 264 F.2d 195; Cott Beverage Corp. v. Canada Dry Ginger Ale, Inc., 2 Cir., 1957, 243 F.2d 795.

1. This month the present Committee on Rules of Practice and Procedure of the Judicial Conference of the United States has distributed an Advisory Committee proposal to amend Rule 54(b) in order to enlarge its scope so as to include multiple-party situations. The Advisory Committee note opens:

"This rule permitting appeal, upon the trial court's determination of 'no just reason for delay,' from a judgment upon one or more but less than all the claims in an action, has generally been given a sympathetic construction by the courts and its validity is settled. Reeves v. Beardall, 1942, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478; Sears, Roebuck & Co. v. Mackey, 1956, 351 U.S. 427, 76 S. Ct. 895, 100 L.Ed. 1297; Cold Metal

Process Co. v. United Engineering & Foundry Co., 1956, 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311."

2. Inasmuch as the notice of appeal was filed before the 30 day time limit had expired within which plaintiffs were ordered to amend their complaint for wrongful discharge or suffer its dismissal, it may well be that there is nothing more to be done below in the common law action; and, in that event, the case is fully appealable. If so, we could entertain the appeal on the merits, without more, upon the receipt of a supplemental record. See Western Elec. Co. v. Pacent Reproducer Corp., 2 Cir., 37 F.2d 14; and (same case after dismissal), 2 Cir., 42 F.2d 116, 117.