John **FERRO**, Harry Lauda and Jerome J. Gagliano, on behalf of themselves, and all those similarly situated, Plaintiffs,

v.

**RAILWAY EXPRESS AGENCY, INC.,** et al., Defendants.

United States District Court
S. D. New York.

March 7, 1961.

———————

Harold, Luca, Persky & Mozer, New York City, for plaintiffs.

James V. Lione, New York City, for defendant Railway Express Agency, Inc.

Reilly, Curry & Gibbons, New York City, and Mulholland, Robie & Hickey, Washington, D. C., for defendants Daniel J. Sullivan Robert Drvlin and Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees.

PALMIERI, District Judge.

In April, 1960 this court filed an opinion and order granting defendants' motion to dismiss plaintiffs' federal claim. S.D.N.Y., 183 F.Supp. 417. Plaintiffs' right to pursue a state claim based upon the same operative facts was conditioned upon the filing of an appropriate pleading amendment within 30 days.

Plaintiffs did not amend their complaint but, before the 30 day time limit had expired and without requesting the entry of final judgment pursuant to Rule 54(b), Fed.R.Civ.P., 28 U.S.C.A., sought to appeal from the dismissal of "so much of the complaint as purported to allege a federal question." This appeal was dismissed because the required Rule 54 (b) certification had not been procured. See 2 Cir., 1961, 286 F.2d 549.

In its per curiam opinion, the Court of Appeals stated that, if this court directed the entry of final judgment with respect to the alleged federal question, the parties would be permitted to prosecute a new appeal. It was also noted [1] that the case might be fully appealable if plaintiffs declined to amend in accordance with the district court order.

Plaintiffs have not sought to amend their complaint and the time allowed for amendment has now expired. Moreover, despite the fact that plaintiffs have moved for the entry of judgment pursuant to Rule 54(b), they have not sought an extension of time to amend and apparently prefer to suffer dismissal of their complaint in its entirety so that the case will be fully appealable.

Accordingly, plaintiffs having failed to amend in accordance with the direction of this court, their action is dismissed with prejudice. See Rule 41(b), Fed.R. Civ.P.

So ordered.

1. 286 F.2d at page 551.