338

## UNITED STATES v. STANDARD OIL CO. OF CALIFORNIA et al.

### No. 6159.

District Court, S. D. California,
Central Division.

July 14, 1947.

Tom C. Clark, Atty. Gen., Wendell Berge, Asst. Atty. Gen., and Holmes Baldridge, Sp. Asst. to Atty. Gen., Richard B. O'Donnell, William C. Dixon, and W. Alan Thody, Sp. Assts. to Atty. Gen., and James M. Carter, U. S. Atty., of Los Angeles, Cal., for plaintiff.

Lawler, Felix & Hall by John M. Hall, all of Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

In this action brought by the United States to enjoin certain practices of the defendant corporations, which the complaint alleges to be in violation of the Sherman, 15 U.S.C.A. §§ 1 to 4, and the Clayton 15 U.S.C.A. § 25, Anti-Trust Acts, several motions have been interposed by the defendants.

The complaint, generally, charges certain practices in controlling 8000 stations in eight Western States—California, Oregon, Washington, Arizona, Nevada, New Mexico, Idaho, Utah—and in controlling

oil, gasoline, tires, and other products to be sold at these stations to the exclusion of competitors in the same fields.

The motions, heretofore argued and submitted, are now decided as follows:

## Motion No. I
### (For a Stay of Proceedings)

■ This motion seeks to stay proceedings in this cause until the final termination or determination of an anti-trust action instituted by the United States, in the District of Columbia, against the American Petroleum Institute and many other defendants, including the defendant here. The action just mentioned was filed on September 30, 1940. We have had no indication as to its status, whether issue has been joined, whether any attempt has been made to set it for trial; and, if so, when it will be tried.

A comparison of the complaint in the case before us, with the complaint in the case just referred to, shows that while both of them charge violations of the Sherman Anti-Trust Act, 15 U.S.C.A. § 4, and the Clayton Act, 15 U.S.C.A. § 25, the issues are entirely different. The present action is against two defendants. The action in the District of Columbia is directed at practically the entire oil industry. It is true that some of the practices charged in this complaint as violations of the anti-trust laws, are also charged in the other complaint. But there, they are incidental to other charges directed at other companies. Here, the control of gasoline stations through the so-called "Iowa Plan" of leasing and like practices, are of the very essence of the charge, and are directed specifically at the two companies.

The complaint in this case is strictly regional. It seeks judicial condemnation of certain practices in eight western states. The complaint in the other case is of a national scope. The dissimilarity between the two actions, the present one which seeks to condemn only certain practices relating to the marketing of products through stations in a limited number of states, and the other, which attacks many practices indulged in by practically the entire oil industry, is so great as to forbid stay of the present action pending the determination of the broader issues involved in the action pending in the District of Columbia.

The motion is, therefore, denied.

## Motion No. II
### (To Dismiss)

■ While the motion was not pressed, it is apparent to me that the grounds alleged for dismissal, namely, the present location of witnesses and documents at the defendant's headquarters in the City and County of San Francisco, are insufficient to call for the application of the doctrine of forum non conveniens, even if we assume that the principle applies to an action of this character, in which the statute permits the action to be brought not only in the "district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business." 15 U.S.C.A. § 22. And see, Eastman Kodak Co. v. Southern Materials Photo Co., 1925, 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684; Baltimore & Ohio Ry. Co. v. Kepner, 1941, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A. L.R. 1222; Miles v. Illinois Central, 1942, 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104.

The complaint here alleges that the defendants transact business in this district.

The motion is, therefore, denied.

## Motion No. III
### (To Dismiss for Failure to State a Claim and for Lack of Jurisdiction)

The time which has elapsed since the presentation of these motions has permitted me to make a more detailed study of the complaint in this case than I had occasion to do before their presentation, and when they were argued.

■ Such study leads me to the conclusion that the complaint states a claim and states with sufficient certainty violation of both the Sherman and the Clayton Acts. It is to be borne in mind that this is a civil action. And while it is of a serious nature,

it still conforms to the pattern which the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, put into effect and under which pleadings are, in effect, notice pleadings. This, of course, does not mean that a complaint cannot be dismissed for insufficiency of allegations. It does mean, however, that if a complaint states a claim in the manner required by Rule 8, it is good against a motion to dismiss. Whether a complaint satisfies this requirement is a question to be determined, in each case, by reference to its allegations.

■ In the complaint before us, we have a detailed description of the business of the defendants and of the relations between the two. The trade terms to be referred to are defined. The nature of the interstate commerce is described in great detail. The restraint through various forms of agreements, the aim of which is to monopolize certain stations as outlets for petroleum and other products in interstate commerce to the exclusion of competitors are described in great detail. So also is the effect of these agreements on interstate commerce.

These allegations satisfy the requirements of the statutes under which the action is brought and of accepted rules of pleading. They are of the type which the courts have held sufficient even in a criminal indictment. See United States v. General Motors Corporation, 1941, 7 Cir., 121 F.2d 376; and see my opinion in United States v. Heating, Piping & Air Conditioning Contractors Association, 1940, D. C.Cal., 33 F.Supp. 978.

In fact, if we gauge this complaint by the standards sanctioned by our Ninth Circuit Court of Appeals for actions brought by private parties to recover damages resulting from violations of the anti-trust acts—*in which greater certainty is required in the allegations*—the complaint meets them. See, Hicks v. Bekins Moving & Storage Co., 1937, 9 Cir., 87 F.2d 583; Lynch v. Magnavox Company, et al., 1938, 9 Cir., 94 F.2d 883; and see, Louisiana Farmers' Protective Union, Inc. v. Great Atlantic & Pacific Tea Co., 1942, 8 Cir., 131 F.2d 419, 422-423, where the Court, in referring to the difficulties of pleading in

anti-trust cases, uses this very language highly pertinent to this case:

"To sustain the court below the appellees contend that the appellant has pleaded merely conclusions of law, setting forth in words of the statute, a conspiracy among the appellees to establish a monopoly in interstate trade in strawberries, and that the complaint is barren of allegations concerning the acts of appellees constituting the alleged violations of law. It is conceded that more than this is required of the pleader in a civil action under the statute in question, but the complaint here is not so deficient in its allegations of ultimate facts as to justify its dismissal without leave to amend. *The courts have always recognized the difficulty in actions of the character here, inherent in the nature of the case, in setting forth in precise detail the acts constituting the alleged violations of the anti-trust laws.* Loewe v. Lawlor, 208 U.S. 274, 28 S.Ct. 301, 52 L.Ed. 488, 13 Ann.Cas. 815; Swift & Co. v. United States, 196 U.S. 375, 395, 396, 25 S.Ct. 276, 279, 49 L.Ed. 518; Buckeye Powder Co. v. E. I. Du Pont de Nemours Co., D. C., 196 F. 514. *And since the adoption of the Rules of Civil Procedure, the cases require of the pleader only a plain and simple statement of his case in conformity to Rule 8(a), 28 U.S.C.A. following section 723c. It is not necessary to set out in detail the acts complained of nor the circumstances from which the pleader draws his conclusions that violations of the acts of Congress have occurred and the pleader has been damaged."* (Emphasis added)

The averments in the complaint show clearly the violations charged. So it is evident that the complaint is good against both attacks for failure to state a claim and for lack of jurisdiction.

In ruling upon this matter, I am merely indicating in a general way the grounds of decision. Time does not permit the writing of an extended opinion. Such an opinion would add little to the elaborate discussions of the scope of the anti-trust statutes which are contained in my own opinion already cited, and in several other recent opinions which I have written on the subject, such as United States v. Food and Grocery Bureau, 1941, D.C.Cal., 41 F.

Supp. 884; United States v. Food and Grocery Bureau, 1942, D.C.Cal., 43 F.Supp. 966; United States v. Food and Grocery Bureau, 1942, D.C.Cal., 43 F.Supp. 974; and United States v. San Francisco Electrical Contractors Association, 1944, D.C., N.D.Cal., 57 F.Supp. 57.

The motion is, therefore, denied.

### Motion No. IV
### (To Strike from Complaint)

The motion is denied. I believe that the portion of Paragraph 26, which it is sought to strike, and which refers to the contractual and other relationships, is not too nebulous. It would allow the Government to prove the results of the relations between the companies and the stations and dealers as well as the actual stipulations in the contract. And Paragraph 33, which it is also sought to strike, refers to certain practices, loans, forgiving of loans, sale of equipment at loss, and the like, as inducements for the undertaking for the exclusive sale of the products of the defendants. Both state facts material to the claim which the complaint sets forth.

### Motion No. V
### (For a More Definite Statement or Bill of Particulars)

The motion for a more definite statement is denied. The motion for a bill of particulars is granted as to items L, M, N, O, and P. It is denied as to all other lettered requests as to which particulars are asked.

As the operations complained of have continued for a long period of years, and as it appears that the agreements covered by specifications L, M, N, O and P have undergone changes through the years, I believe that the request of the defendants that the Government supply them with the full text of the particular distributor, dealership, equipment and other agreements, is reasonable. Ordinarily, such requests would be denied upon the ground that the agreements are in the possession of the defendants. But, in view of the existence of several editions of these agreements, as shown by the affidavit of the assistant Secretary of the defendant Standard Oil Company of California, it is quite evident that the Government must be relying upon a *particular edition*. If that be the case, the defendant is entitled to know the particular form on which the charges are based.

### Motion No. VI
### (For Inspection)

The motion is denied. Inspection is sought of the agreements as to which the bill of particulars has been granted. The need for inspection is, therefore, gone.

The Government is allowed thirty days to furnish the bill of particulars granted under Motion V, and the defendant shall have thirty days, after being furnished with the bill of particulars, to answer to the complaint.