P. W. HUSSERL, INC., et al., Plaintiffs,

v.

Max NEWMAN et al., Applicants for Intervention,

v.

SIMPLICITY PATTERN CO., Inc., Defendant.

United States District Court
S. D. New York.
March 22, 1960.

Fischer & Shilkoff, Roosevelt, N. Y., for plaintiffs and applicants for intervention.

House, Grossman, Vorhaus & Hemley, New York City, for defendant.

PALMIERI, District Judge.

This is an action brought by three customers of the defendant under section 2(e) of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C.A. § 13(e). See 28 U.S.C. § 1337. The plaintiffs allege damage to their business as a result of the defendant's alleged discriminatory practices in its sales of paper dress patterns. Forty applicants have moved for leave to intervene as plaintiffs pursuant to Rule 24(b) (2), Fed.R.Civ.P. 28 U.S.C.A.; the defendant has cross-moved for (1) an order pursuant to Fed.R.Civ.P. 12(f) striking the class action allegations from the complaint and (2) an order limiting the time for joinder of additional parties-plaintiff.

The plaintiffs, instituting this suit as a spurious class action under Rule 23(a) (3), Fed.R.Civ.P., have alleged that the defendant has discriminated in favor of the large chain store purchasers as against separately owned small variety and fabric stores such as those operated by the plaintiffs and the applicants for permissive intervention. The defendant asserts that the action cannot be maintained as a class suit because the plaintiff and the applicants for intervention have failed to show that they adequately represent the described class and because the common questions of fact and law are not substantial in nature.

A class action under Rule 23 (a) (3), Fed.R.Civ.P., is one in which the right sought to be enforced is "several, and there is a common question of law or fact affecting the several rights

and a common relief is sought." An action for money damages, such as the one instituted here, satisfies the "common relief" requirement. See e. g., Oppenheimer v. F. J. Young & Co., 2 Cir., 1944, 144 F.2d 387; Note, 46 Colum. L.Rev. 818, 831 (1946). There are common questions of law and fact relative to the alleged discrimination in favor of large chain purchasers. See Simplicity Patterns, Inc. v. Federal Trade Commission, 1958, 103 U.S.App.D.C. 373, 258 F.2d 673, affirmed 1959, 360 U.S. 55, 79 S.Ct. 1005, 3 L.Ed.2d 1079. The "common question" requirement has been held satisfied by an allegation, such as the one made here, that the defendant's discriminatory plan adversely affected all class members in the same manner although not to the same extent. See Kainz v. Anheuser-Busch, Inc., 7 Cir., 1952, 194 F.2d 737, certiorari denied, 344 U.S. 820, 73 S.Ct. 17, 97 L.Ed. 638.

A spurious class action must also meet the traditional requirements for any class suit—that the class be so numerous as to make joinder impractical, that the representatives be members of the class, and that the class be adequately represented. See preamble to Rule 23, Fed.R.Civ.P. To fulfill the requirement of adequate representation, the interests of the named parties must be co-extensive with and not antagonistic to those of the described class and there must be an absence of collusion. See Redmond v. Commerce Trust Co., 8 Cir., 144 F.2d 140, 151, certiorari denied, 1944, 323 U.S. 776, 65 S.Ct. 187, 89 L.Ed. 620; Note 71 Harv.L.Rev. 928, 938 (1958). The courts have also considered the number of representatives and the extent of their interests in determining whether representation is adequate. It is the defendant's contention that the plaintiffs and applicants for intervention have failed to supply the court with the facts which would enter into such a determination.

To decide whether representation is adequate here, it is necessary to examine briefly the nature of a class action under Rule 23(a) (3). The courts have generally accepted Professor Moore's functional definition of the type of suit authorized by Rule 23(a) (3). Professor Moore labels such a suit a "spurious" class action—spurious because it is simply "a permissive joinder device," 3 Moore, Federal Practice, ¶ 23.10 at 3442 (2d ed. 1948), in which the decision "binds only those actually before the court." 3 id. ¶ 23.11 at 3465. Cf. Equity Rule 48, 42 U.S. (1 How.) LVI (1842). There has been some judicial departure from Professor Moore's commentary as to the absence of binding effect in a spurious class action, see Notes, 71 Harv.L.Rev. 928 (1958); 67 Harv.L. Rev. 1059 (1954). However, such a departure does not seem possible in this case. See Kainz v. Anheuser-Busch, Inc., supra. Assuming a decision favorable to the class on the common questions of law and fact, there will remain subsidiary questions which must be individually litigated. These subsidiary questions, involving proof of individual damages, may even entail an examination of whether the original determination of liability extends to each individual plaintiff. Cf. Nagler v. Admiral Corp., 2 Cir., 1957, 248 F.2d 319. Accepting the view that what is involved here is nothing more than a device to facilitate permissive joinder of parties-plaintiff and that absentees will not be bound, there appears to be no reason to require the plaintiffs to submit proof as to the number of separately owned small variety and fabric shops in the Southern and Eastern Districts of New York comprising the alleged class. See Oppenheimer v. F. J. Young & Co., supra 144 F.2d at page 390.

The defendant has candidly asserted its principal ground for seeking the relief requested in its cross-motion. The moving affidavit states:

"While adding nothing to and being unnecessary with respect to the essential issues in this action, the

allegations claiming this to be a 'spurious class action' constitute a distinct vice and danger to defendant. Unless said allegations are stricken, defendant may suffer the tolling of the Statute of Limitations with respect to five-and-ten-cent-stores and fabric stores in the Southern and Eastern Districts until the entry of final judgment herein. Then the institution of a new 'class' suit by other customers of this type can again toll the Statute. As a practical matter this can result in the complete loss of the defense of Statute of Limitations by defendant and can result in the institution of similar actions successively far into the future. This unnecessarily harsh result can be avoided by denying the motion of intervention and granting defendant's cross motion without depriving the applicants herein of their rights or unduly complicating the conduct of the litigation."

The defendant appears to believe that its problem in this regard would be avoided if the applicants for intervention were permitted to join as parties to a non-class action or to bring separate suits which would be consolidated for trial under Rule 42(a).

It has been suggested that in a non-binding class action participation by absentees should not be precluded by the Statute of Limitations when the absentees have relied on timely commencement of the original action. York v. Guaranty Trust Co., 2 Cir.1944, 143 F.2d 503, 529 (dictum); 33 Cornell L.Q. 327, 339–342 (1948). However, the point remains unresolved. In a binding or "partially binding" class action, see Rule 23(a) (1, 2), the theory is that the claims of all class members are before the court. Therefore timely institution of the action by the representatives should protect all claims from being barred by the Statute of Limitations. But it would seem that in the case of a spurious class action, where there has been no determination that absentees will be bound, reliance upon the commencement of the action should not free the claims of the absentees from the statutory bar. See Note, 71 Harv.L.Rev. 928, 942 (1958).

The question has been posed whether the designation "spurious" class action serves any purpose if absent members are not bound and if the Statute of Limitations is not tolled as to absentees. See Hart & Wechsler, The Federal Courts & The Federal System, 935 (1953); cf. Chafee, Some Problems of Equity, 199–200 (1950). The question is particularly significant in the context of this case, brought under the antitrust laws, see 28 U.S.C. § 1337, and thus raising no issues as to jurisdictional limitations on the right of class members to intervene. Cf. 3 Moore, Federal Practice, ¶ 23.10, pp. 3443–44 (2d ed. 1948). If the foregoing discussion as to the appropriate effect of the Statute of Limitations on absentees is correct, the designation of this suit as a "class action" has only this narrow purpose: The complaint stands as a formal invitation for participation by persons "similarly situated," but it is an invitation which requires timely response. See Nagler v. Admiral Corp., supra 248 F.2d at page 327.

### Conclusions

1. The motion for leave to intervene is granted. The application is timely; the claims of the applicants and the original plaintiffs involve common questions of law and fact. It appears that the advantages of disposition of the claims in one litigation outweigh the disadvantages presented by the number of parties-plaintiff.

2. The defendant's cross-motion to strike the class action allegations is denied. The class is sufficiently defined as separately owned and operated small variety and fabric stores in the Southern and Eastern Districts of New York which have been injured in their business and property by the defendant's

discriminatory practices in favoring large chain store purchasers as to services and facilities connected with the sale of tissue patterns. Since the class action device has been used here as an invitation to joinder rather than as a means of binding all members of the alleged class, the reqirement of adequate representation has been met. The claims presented, so far as a determination of the defendant's liability is concerned, involve common questions of law and fact, and a common relief is sought in the prayer of each plaintiff for money damages.

3. The defendant's request for an order limiting the time for joinder of additional parties-plaintiff is denied. This action was commenced on June 30, 1959. The motion now before the court represents the first application for intervention. If there should be further applications for intervention, the court before whom such applications are presented will be in a better position to balance the competing considerations and to weigh the interests to be served by permitting intervention.

So ordered.