Max GOLDSTEIN, Florence Goldstein, David F. Wilshin, Philip Birnbaum, Samuel Slovin and Linda Ross, suing on behalf of themselves and of all others similarly situated, Plaintiffs,

v.

The NORTH JERSEY TRUST COMPANY, Inc., William R. Mulligan, First Discount Corporation, Arthur Katz, Leo Sinsheimer, and Reynolds & Co., Defendants.

United States District Court
S. D. New York.
Jan. 24, 1966.

Landis, Carrow, Bernson & Tucker, New York City, for plaintiffs; Berthold H. Hoeniger, New York City, of counsel.

Townsend & Lewis, New York City, for defendant Reynolds & Co.; Eliot H. Lumbard, Michael Allen Berch and John S. Pyke, Jr., New York City, of counsel.

HERLANDS, District Judge:

Defendant Reynolds & Co. has made a motion for the following orders:

1. "For an order pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure dismissing each and every claim for failure to state a claim upon which relief can be granted, and in the alternative dismissing and striking the spurious class action as insufficient in law."

2. "For an order pursuant to Rule 12(b) (1) of the Federal Rules of Civil Procedure dismissing the Third and Fourth Claim[s] for lack of subject matter jurisdiction."

3. "For an order pursuant to Rule 12(e) of the Federal Rules of Civil Procedure requiring plaintiffs to make a more definite statement of their claims and to strike vague, redundant and irrelevant matters."

4. "For an order pursuant to Rule 12(f) of the Federal Rules of Civil Procedure striking redundant, immaterial, impertinent and scandalous matters from the face of the complaint; and for such and other relief as the court may deem just and proper."

The court will consider each of the motion's four subdivisions seriatim.

The general factual background of the action in chief has been recounted in detail in a number of other opinions of this court and it would serve little purpose to restate it here. See, e. g., Cooper v. North Jersey Trust Co., 63 Civil 2537 (S.D.N.Y., March 15, 1965); Cooper v. North Jersey Trust Co., 226 F.Supp. 972 (S.D.N.Y.1964); Meisel v. North Jersey Trust Co., 218 F.Supp. 274 (S.D.N.Y. 1963).

In essence, the second amended complaint alleges that defendant First Discount Corporation made loans to the plaintiffs to finance the purchase of securities listed on national stock exchanges. Certain of the shares so purchased were delivered to defendant North Jersey Trust Company, Inc., to be held as collateral for plaintiffs' loans. First Discount paid plaintiffs' brokers through its account with North Jersey. Certain of the shares of stock which were delivered to North Jersey by the plaintiffs were allegedly wrongfully sold through a branch office of defendant Reynolds & Co. The entire series of transactions is alleged to have been part of a scheme or conspiracy among the defendants.

I.

That part of Reynolds' motion seeking an order, pursuant to Fed.R.Civ.P. 12(b) (6), dismissing each and every "claim" for failure to state a claim upon which relief can be granted is denied in all respects for the reasons hereinafter set forth.

The thrust of the plaintiffs' complaint is that, by virtue of the doctrine of respondeat superior, Reynolds is liable to them for the loss they incurred due to the wrongful acts of a group of conspirators which was led by Robert Eichler, an employee of Reynolds. It is the plaintiffs' contention that those acts were done in violation of Section 7 of the Securities Exchange Act of 1934,[1] Section 10(b) of the Securities Exchange Act of 1934,[2] and Section 17(a) of the Securities Act of 1933.[3] It is also alleged that those acts, which were all done in furtherance of the conspiratorial purpose, constituted a breach of a fiduciary duty owing from certain members of the conspiracy to the plaintiffs and a conversion of the plain-

---

1. 48 Stat. 886 (1934), 15 U.S.C. § 78g (1964).

2. 48 Stat. 891 (1934), 15 U.S.C. § 78j (1964).

3. 48 Stat. 84 (1933), 15 U.S.C. § 77q (1964).

tiffs' property. In addition, as envisaged by Fed.R.Civ.P. 8(e) (2), the plaintiffs take the alternative position that, should it be found that Eichler's participation in the alleged conspiracy was outside the scope of his employment, Reynolds is still liable to the plaintiffs because it was negligent in its supervision of its employee, Eichler. See plaintiffs' Memorandum of Law at pp. 6–8.

Obviously, the drafting of the second amended complaint is something less than artistic,—a circumstance, however, not pertinent to a consideration of that part of Reynolds' motion attacking the complaint for its failure to state a claim upon which relief can be granted. Arfons v. E. I. DuPont DeNemours & Co., 261 F.2d 434, 435 (2d Cir. 1958).

In form, the complaint is divided into four subdivisions, each separately labeled and denominated a "claim for relief." See plaintiffs' Memorandum of Law at p. 2. The court finds that, within the meaning of Fed.R.Civ.P. 12(b) (6), the complaint, despite its form, contains but one claim. See Nagler v. Admiral Corp., 248 F.2d 319, 328 (2d Cir. 1957); Kozman v. Trans World Airlines, Inc., 236 F.2d 527, 536 (2d Cir.), cert. denied sub nom. Allied Maintenance Corp. v. Allied Cleaning Contractors, Inc., 352 U.S. 953, 77 S.Ct. 328, 1 L.Ed.2d 243 (1956).

▪ The initial inquiry is, of course, the meaning to be given to the word "claim", as it appears in Fed.R.Civ.P. 12(b) (6)—"failure to state a claim upon which relief can be granted." "Claim" has been defined in closely analogous contexts as "the aggregate of operative facts which give rise to a right enforceable in the courts * * *." Original Ballet Russe Ltd. v. Ballet Theatre, Inc., 133 F. 2d 187, 189 (2d Cir. 1943) (Fed.R.Civ. P. 10(b)), and "a set of facts giving rise to one or more legal rights * * *." Schwartz v. Eaton, 264 F.2d 195, 196 (2d Cir. 1959) (Fed.R.Civ.P. 54(b)). See, Reeves v. Beardall, 316 U.S. 283, 285–286, 62 S.Ct. 1085, 86 L.Ed. 1478 (1942) (Fed. R.Civ.P. 54(b)); Clark, Code Pleading 137–148 (2d ed. 1947).

▪ Applying such definitions to the complaint under consideration, the court finds only one "claim" within the meaning of Fed.R.Civ.P. 12(b) (6). Since the court does not conclude that it appears beyond doubt that plaintiffs can prove no set of facts which would entitle them to relief, the motion, pursuant to Fed.R.Civ.P. 12(b) (6), to dismiss for failure to state a claim upon which relief can be granted must be denied.[4] Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See Jung v. K. & D. Mining Co., 260 F.2d 607, 608 (7th Cir. 1958). This conclusion is required even if it is assumed arguendo that the plaintiffs do not state a claim upon which relief can be granted under one or more of the legal theories upon which they say they will rely. It is not at the pleading stage that the Federal Rules of Civil Procedure contemplate that a determination will be made as to the applicability of various legal theories to a claim for relief stated in the complaint. But see, e. g., Cooper v. North Jersey Trust Co., 226 F.Supp. 972, 980 (S.D.N.Y.1964).

Reynolds has moved, alternatively, for an order, pursuant to Fed.R.Civ.P. 12(b) (6), "dismissing and striking the spurious class action as insufficient in law." The court denies that part of Reynolds' motion for the reasons hereinafter set forth.

It is Reynolds' position that "the spurious class action device is totally inapplicable to the allegations of the complaint, and under the extrinsic facts and circumstances as more fully set forth in the affidavit in support of this motion." Reynolds' Memorandum of Law at p. 2.

---

4. The court finds it unnecessary to consider any matters outside the pleadings and, therefore, does not treat the motion as one for summary judgment, as provided in Fed.R.Civ.P. 12(b).

A literal reading of the rule suggests that, in order for an action to come within the provisions of Fed.R.Civ.P. 23(a)(3), six elements must be present: (1) there must be persons who constitute a "class"; (2) they must be so numerous as to make it impracticable to bring them all before the court; (3) those bringing the suit must be such as to insure the adequate representation of the entire class; (4) the character of the right sought to be enforced must be several; (5) there must be a common question of law or fact affecting the several rights; and (6) a common relief must be sought. However, the content to be given these six phrases must be determined with a consciousness of what the spurious class action device is intended to accomplish. Its denomination as a class action is somewhat misleading. It is actually merely a permissive joinder procedure. 3 Moore, Federal Practice ¶ 23.10, at 3442 (2d ed. 1964).

1. Paragraph 3 of the second amended complaint contains the plaintiffs' delimitation of the class which they claim to represent. The court finds that there is a class composed of persons who borrowed "from First Discount and/or Arlee Associates, Inc., for the purpose of purchasing or carrying securities traded on national securities exchanges, who deposited said securities, and in some cases also other securities, with defendant North Jersey Trust or defendant First Discount or both, and whose securities were unlawfully converted and who suffered other injuries of the same type, nature and kind as the plaintiffs herein," i. e., persons who suffered injuries similar to those suffered by the plaintiffs which were caused by acts done in furtherance of the alleged conspiracy.

2. In determining whether the members of the class are so numerous as to make it impracticable to bring them all before the court, the court must take into consideration that the actual effect of a spurious class action is "really little more than an invitation to non-parties closely interested to intervene. * * * 'It stands as an invitation to others affected to join in the battle and an admonition to the court to proceed with proper circumspection in creating a precedent which may actually affect nonparties, even if not legally *res judicata* as to them.'" Nagler v. Admiral Corp., supra, 248 F.2d at 327. Another factor is the salutary effect the spurious class action can have of leading to a "consideration of substantially similar problems all at once." Ibid. In light of these desiderata, the court concludes that the meaning to be ascribed to the word "impracticable," as used in Fed.R.Civ.P. 23(a)(3), should be "impractical," "unwise" or "imprudent" rather than "incapable of being performed" or "infeasible." See Merriam-Webster Third New International Dictionary at 1136 (3rd ed. 1963). Therefore, in the exercise of its discretion, the court finds that the persons constituting the class are "so numerous as to make it impracticable to bring them all before the court. * * * *"

3. The plaintiffs allege in their complaint that they "are fairly representative of said class or group. * * *" While Fed.R.Civ.P. 23(a)(3) requires that those members of the class who are suing be such as to "fairly insure the adequate representation of all"—which is not strictly speaking the same thing—the court finds that the interests of the plaintiffs and those of the balance of the class are such as would probably insure adequate representation. In addition, the court notes that, because of the nature of a spurious class action, "there is no necessity for a searching inquiry concerning the adequacy of * * * [the plaintiffs'] representation of others in the class." York v. Guaranty Trust Co., 143 F.2d 503, 528 n. 52 (2d Cir. 1944), rev'd on other grounds, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). See Oppenheimer v. F. J. Young & Co., 144 F.2d 387, 390 (2d Cir. 1944).

While Reynolds, in its affidavit in support of this part of its motion, alleges

**368**

that the interests of the members of the class are "in certain regards * * * antagonistic," there is no specification in Reynolds' papers of the nature of that antagonism; and the court can perceive none.

4. It is not disputed that the character of the right sought to be enforced is several.

5. It seems beyond dispute that there is "a common question of law or fact affecting the several rights." Reynolds has conceded as much at page four of its affidavit in support of this part of its motion.

■■ 6. "Common relief" has been interpreted to mean "that all of the members of the class must seek or be entitled to the same kind of relief, i. e., injunctive relief, damages, appointment of a receiver, etc. * * * It does not mean * * * that a spurious class action cannot be maintained where each member of the class would be entitled to his individual damages." 3 Moore, Federal Practice ¶ 23.10, at 3455 (2d ed. 1964). See, e. g., Oppenheimer v. F. J. Young & Co., Inc., supra at 390; P. W. Husserl, Inc. v. Newman, 25 F.R.D. 264, 266 (S.D.N.Y.1960). But see Farmers Co-Op. Oil Co. v. Socony-Vacuum Oil Co., 133 F.2d 101, 105 (8th Cir. 1942). The court finds that a common relief is sought here—monetary damages.

In conclusion, the court notes that, once it has been ascertained that the plaintiffs, who allege that they are representatives of a class, have stated a claim upon which relief can be granted in their own right, it is difficult to see what harm those allegations can do since their actual effect is really little more than an invitation to non-parties closely interested to intervene. Nagler v. Admiral Corp., supra, 248 F.2d at 327. There is no indication in the papers of either side that there are issues concerning the tolling of the statute of limitations or the res judicata effect of a judgment on nonparties involved here. See P. W. Husserl, Inc. v. Newman, supra 25 F.R.D. at 267.

Reynolds' motion for an order "dismissing and striking the spurious class action as insufficient in law" is denied in all respects.

II.

That part of Reynolds' motion seeking "an order pursuant to Rule 12(b) (1) of the Federal Rules of Civil Procedure dismissing the Third and Fourth Claim[s] for lack of subject matter jurisdiction" is denied in all respects for the reasons hereinafter set forth.

It is the plaintiffs' position that this court has subject matter jurisdiction over the third and fourth "claims" by virtue of the doctrine of pendent jurisdiction. Reynolds, on the other hand, suggests that to exercise pendent jurisdiction over these "claims" would be an extension of that doctrine "beyond its limited confines as established by the Supreme Court of the United States." Reynolds' Memorandum of Law at p. 50.

In Hurn v. Oursler, 289 U.S. 238, 243, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), the Supreme Court, quoting from Siler v. Louisville & Nashville R. R., 213 U.S. 175, 191, 29 S.Ct. 451, 53 L.Ed. 753 (1909), stated that, once the district court has acquired jurisdiction by reason of the federal questions involved, it had the power to decide all the questions in the case, even though it decided the federal questions adversely to the party raising them, or even if it omitted to decide them at all, but decided the case on local questions only.

The Court went on to say:

"But the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of

which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal *ground*; in the latter it may not do so upon the nonfederal *cause of action.*" Hurn v. Oursler, supra 289 U.S. at 245–246, 53 S.Ct. at 589.

Under the Supreme Court's delimitation of the doctrine of pendent jurisdiction, the scope given to the term "cause of action" may be determinative of the jurisdictional issue. It must be noted at the outset that the meaning given to the term "cause of action," as it is used in the doctrine of pendent jurisdiction, has no necessary correlation to that given to the term "claim upon which relief can be granted," as it is used in Fed.R.Civ.P. 12(b) (6). Cf. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 11–16, 71 S.Ct. 534, 95 L.Ed. 702 (1951); United States v. Memphis Cotton Oil C⁻ 288 U.S. 62, 67–68, 53 S.Ct. 278, 77 L.E... 619 (1933); Cook, "Substance" and "Procedure" in the Conflict of Laws, 42 Yale L.J. 333, 337 (1933). A finding that a complaint states but a single claim for relief within the meaning of Fed.R.Civ.P. 12(b) (6) does not necessitate a finding of a single cause of action for purposes of the doctrine of pendent jurisdiction. The underlying considerations are different. See generally Note, 62 Colum.L.Rev. 1018 (1962); Note, 51 Iowa L.Rev. 151 (1965). Notwithstanding that fact, however, the court finds that the third and fourth "claims for relief" in the second amended complaint merely indicate the plaintiffs' reliance on theories of breach of fiduciary duty, negligence and conversion. They are merely statements of different theories upon which relief may be had for violation of

a single right. See Cooper v. North Jersey Trust Co., 226 F.Supp. 972, 980 (S.D.N.Y.1964). The facts which support plaintiffs' theories which are based upon federal law and those which are based upon state law are substantially the same. See Armstrong Paint and Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 325, 59 S.Ct. 191, 83 L.Ed. 195 (1938). Therefore, the court has jurisdiction and may decide the non-federal grounds advanced in support of the single cause of action.

Reynolds' motion for an order dismissing the third and fourth "claims" for lack of subject matter jurisdiction is denied in all respects.

### III.

That part of Reynolds' motion seeking an order, pursuant to Fed.R.Civ.P. 12(e), requiring plaintiffs to make a more definite statement of their claim and striking vague, redundant and irrelevant matters is denied in all respects for the reasons hereinafter set forth.

Fed.R.Civ.P. 12(e) makes a motion for a more definite statement appropriate only "[i]f a pleading to which a responsive pleading is permitted is so *vague or ambiguous* that a party *cannot reasonably be required to frame a responsive pleading.*" (Emphasis added.) The court has scrutinized the second amended complaint and concludes that, despite the presence of certain ambiguities, it cannot be said that the complaint is so vague or ambiguous that Reynolds "cannot reasonably be required to frame a responsive pleading."

The court considers the fact that Reynolds' co-defendant, North Jersey Trust Co., Inc., has been able to frame a responsive pleading to the second amended complaint as at least some evidence that it would not be "unreasonable" to require Reynolds to do so.

A motion to strike, pursuant to Fed.R.Civ.P. 12(e), is appropriate only if a motion for a more definite statement has been granted and the order of the

court is not obeyed within ten days after notice of the order or within such other time as the court may fix. No motion for a more definite statement has been granted; therefore, Reynolds' motion to strike, made pursuant to Fed.R.Civ.P. 12(e), is inappropriate.

That part of Reynolds' motion which is made pursuant to Fed.R.Civ.P. 12(e) is denied in all respects.

### IV.

That part of Reynolds' motion, made pursuant to Fed.R.Civ.P. 12(f), seeking an order striking "redundant, immaterial, impertinent and scandalous matters" from the face of the complaint, is granted to the extent hereinafter set forth.

 Reynolds has objected with specificity to references contained in paragraph "1" of the second amended complaint to the fact that defendants Mulligan, Katz and Sinsheimer are presently incarcerated as a result of pleas of guilty to a grand jury indictment. Because of the possible prejudice to Reynolds, the lack of any justification for statements in the complaint concerning the present residence of those defendants and the diametrically opposed contentions of the parties as to whether the counts to which Mulligan pleaded guilty arose out of the same course of dealing or scheme underlying the complaint, the court orders that all references in the complaint to the present residence of Mulligan, Katz and Sinsheimer, as well as any reference to the above-mentioned indictment, be stricken from the complaint. The court expresses no opinion as to the admissibility at the trial of evidence concerning the indictment or incarceration of these defendants.

Reynolds' objections to the plaintiffs' method of computing their damages and their request for attorneys' fees are premature. In addition, the striking of a portion of the demand for relief would be but an empty gesture. Fed.R.Civ.P. 54(c).

Within twenty days from the date of the filing of the order to be settled herein, plaintiffs will serve upon the defendants a third amended complaint which shall comply with the views expressed in this opinion. Reynolds' answer will be served upon the plaintiffs within ten days after the service of the third amended complaint on it. Defendant North Jersey Trust Company, Inc., will serve an amended answer within ten days after the service of the third amended complaint on it which will be substituted for the answer it filed to the second amended complaint and which will omit all references to the indictment or present residence of defendants Mulligan, Katz and Sinsheimer.

Settle order on five days' notice.