J. C. AINSWORTH and Mildred H. Ainsworth, Plaintiffs,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Raymond Dusek and Russell Pace, jointly and severally, Defendants.

Civ. No. 68–102.

United States District Court
W. D. Oklahoma.

March 21, 1969.

Arnold D. Fagin, of Fagin, Fagin & Fagin, James H. Harrod, of Harrod & Stringer, Oklahoma City, Okl., for plaintiffs.

Gerald A. Karam and Calvin W. Hendrickson, of Pierce, Duncan, Couch & Hendrickson, Oklahoma City, Okl., for Raymond Dusek.

Horace D. Ballaine and John S. Athens, of Conner, Winters, Randolph & Ballaine, Tulsa, Okl., for Merrill Lynch and Pace.

## ORDER

DAUGHERTY, District Judge.

The Court has under consideration the Combined Motion of Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc., and Russell Pace to Dismiss the Amended Complaint and for a More Definite Statement.

■ The basis of the Motion to Dismiss is that there is now pending in the Southern District of Texas an action involving some of the same Defendants and similar subject matter. The Motion, insofar as it prays for dismissal, is denied for the reason that it does not assert any of the defenses enumerated in Rule 12 (b), F.R.Civ.P., 28 U.S.C.A., which may be raised by motion. As the Motion is stated in the alternative and requests a stay of the present proceedings pending the outcome of the Texas action, it will be considered as a Motion to Stay.

Defendants' Motion asserts that the Texas action was filed by the Trustee of Westec Corporation on behalf of the Corporation, a creditors' fund, and a class of persons which would include Plaintiffs. It is contended that all of the issues material to this case are involved in the Texas case, that disposition of the Texas case would also dispose of this case, and by staying this action, a great economy of judicial time and effort could be obtained.

■■ Defendants recognize the general rule that a suit first filed has priority over other suits involving the same parties and issues. Absent other controlling factors, this is the rule the Court should apply. Cessa Aircraft Company v. Brown, 348 F.2d 689 (Tenth Cir. 1965). This suit was filed prior to the Texas action, and Defendants attempt to extricate themselves from the application of the rule by pointing out that the issues of this case, which are similar to those of the Texas case were not raised until Plaintiffs amended their Complaint subsequent to the filing of the Texas action. However, this circumstance of amendment is not material in determining priority. Mattel, Inc. v. Louis Marx

& Co., 353 F.2d 421 (Second Cir. 1965). Thus, Plaintiffs have presumptively won the race of diligence in arriving in court first, unless there are other special circumstances which should compel this Court to stay these proceedings.

The gist of Plaintiffs' Complaint in this case is that the Defendants violated certain of the Federal and State securities laws, that they perpetrated a common law fraud on Plaintiffs, and that these things were done by the Defendants in the form of a conspiracy. The specific acts of misconduct of which the individual Defendants are accused are alleged to have all occurred in Oklahoma City. The corporate Defendant appears to have been directly involved in the alleged wrongdoing in only one respect.

The Complaint in the Texas case also alleges a conspiracy, but with respect to many others than the Defendants Merrill Lynch and Raymond Dusek. Likewise, the misconduct there complained of is more general in nature and does not approach the specificity with which Plaintiffs herein make their allegations.

Granting that the issues in this case and some of those in the Texas case are basically similar, the essential nature of this suit is local while the matters urged in the Texas action are of far greater scope. The common law fraud and securities law violations charged in Plaintiffs' Complaint depend primarily on actions and conduct of the individual Defendants herein, while the action filed in Texas charges a nationwide conspiracy of stockbrokerage firms, individual brokers and others.

In a case involving antitrust violations, the defendant moved for a stay of the proceedings because another case was then pending against the oil industry as a whole. The court refused to stay, commenting:

"The complaint in this case is strictly regional. It seeks judicial condemnation of certain practices in eight western states. The complaint in the other case is of a national scope. The dissimilarity between the two actions, the present one which seeks to condemn

only certain practices relating to the marketing of products through stations in a limited number of states, and the other, which attacks many practices indulged in by practically the entire oil industry, is so great as to forbid stay of the present action pending the determination of the broader issues involved in the action pending in the District of Columbia." United States v. Standard Oil Co. of California, 7 F.R.D. 338 (Cal.1947), at p. 339.

The situation which the Court here confronts is analogous, to say the least, to the above case. Plaintiffs' action is essentially local, and most of the evidence which will be required to support their allegations will be forthcoming from local sources. With respect to similarity of issues, the California court said:

"It is true that some of the practices charged in this complaint as violations of the anti-trust laws, are also charged in the other complaint. But there, they are incidental to other charges directed at other companies. Here, the control of gasoline stations through the so-called 'Iowa Plan' of leasing and like practices, are of the very essence of the charge, and are directed specifically at the two companies." 7 F.R.D. at p. 339.

The issues in the Texas case do not involve only common law fraud and securities laws violations and only the Defendants here. The case is very much more complex, involves many more persons and firms and Plaintiffs' share in it is, relatively speaking, miniscule.

■ The granting or denial of a stay in these circumstances is a matter of discretion based on equitable considerations. There is no place for a "rigid mechanical solution" and as the decision involves discretion, each case must stand on its own facts and the equitable considerations involved. Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952).

The present case involves only a few parties, as compared with the 93 defendants named in the Texas case. One of the Defendants here is not present in the Texas case. The proof of the misconduct of the Defendants, if any, would primarily be limited to local witnesses. Nearly all the acts of the Defendants alleged by Plaintiffs took place in Oklahoma City. Trial of the issues raised herein present no peculiar difficulties. It is expected that this case will be concluded within the normal time required for similar civil actions, which expectation is not reasonable as regards the Texas case.

■ After careful consideration of all the relevant facts and circumstances, as well as the countervailing equities of the parties, the Court is of the opinion that no useful purpose will be served by staying this case and that in the best interests of justice and orderly judicial administration, this action should not be stayed.

The Motion to Stay of the Defendants Merrill Lynch and Pace is, therefore, denied.

■ With respect to Defendants' Motion for a More Definite Statement, it appears that the defects of the Amended Complaint are minor and may be cured by discovery as to whether Plaintiffs are going to rely on a conspiracy with any other persons than Defendants, and as to what representation Plaintiffs will rely with respect to the stock purchases prior to May 26, 1966. Defendants claim that they cannot reasonably be required to frame a responsive pleading with respect to such matters rings hollow in the face of the fact that a co-defendant has long ago filed an answer responding to the very paragraphs of the Amended Complaint to which Defendants' Motion objects. Cf. Goldstein v. North Jersey Trust Company, 39 F.R.D. 363 (N.Y. 1966). The Motion for a More Definite Statement of the Defendants Merrill Lynch and Pace is denied.

The Defendants Merrill Lynch and Pace will file an answer to the Complaint within twenty (20) days from the date hereof.