Edward T. HUTSON, Jr., b/n/f Mrs. Edward T. Hutson, Sr., Plaintiff,

v.

SEARS, ROEBUCK AND CO., a corporation, Defendant and Third-Party Plaintiff,

v.

BILTMORE TEXTILE CO., Inc. and Salant & Salant, Inc., Third-Party Defendants,
and
Stylemaker Fabrics, Inc.* in the alternative to Biltmore Textile Co., Inc.

Civ. A. No. 12238.

United States District Court,
N. D. Georgia,
Atlanta Division.

July 31, 1970.

---

(* Stylemaker now: Jomoral, Inc.)

---

Cullen M. Ward, Frank M. Eldridge, Atlanta, Ga., for plaintiff.

Michael A. Doyle, Alston, Miller & Gaines, Atlanta, Ga., for Sears.

Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for Salant & Salant, Inc.

Smith, Cohen, Ringel, Kohler, Martin & Lowe, Atlanta, Ga., for Biltmore, Textile.

Henry Angel, and Woodruff, Savell, Lane & Williams, Atlanta, Ga., for Stylemaker Fabrics, Inc. (Jomoral, Inc.).

## ORDER

EDENFIELD, District Judge.

■ This case is now before the court for consideration of Defendant Sears, Roebuck and Company's motion to dismiss plaintiff's first amendment to the complaint wherein plaintiff added as Count Five of the complaint a claim of strict liability on the part of Defendant Sears in the alleged sale of a shirt to the plaintiff's mother. Count Five is identical to Count One (including allegations of negligence) except that Count Five includes an additional paragraph in which it is claimed that Sears sold the shirt to the ultimate consumer in a defective condition which was unreasonably dangerous to the user, that Sears was engaged in the business of selling such goods to be used without substantial change in the condition in which it was sold, and that Sears is strictly liable for the injuries caused by the shirt's defective condition. Count Five therefore relies upon the same factual allegations as Count One and merely asserts a different theory of liability. A motion to dismiss for failure to state a claim can be granted only if it appears beyond a doubt that plaintiff can prove *no* set of facts which would entitle him to relief. It is not enough that plaintiff will not be able to recover under one or more of the legal theories upon which he intends to rely.

"It is not at the pleading stage that the Federal Rules of Civil Procedure contemplate that a determination will be made as to the applicability of various legal theories to a claim for relief stated in the complaint." Goldstein v. North Jersey Trust Co., Inc., 39 F.R.D. 363 (S.D.N.Y. 1966). See *also*, Wright & Miller, Federal Practice and Procedure: Civil § 1357.

Accordingly, the motion to dismiss is denied.

It is so ordered.